BAILEY and another *against* STRONG and others :

IN ERROR.

*A.* died intestate, leaving several children, and estate of the value of about 3,000 dollars. *B.*, one of his sons, who had received from his father, before his death, 1,000 dollars, and was indebted to the estate more than the amount of his distributive share, and was insolvent, in pursuance of a conspiracy with *C.*, a stranger, to defraud the daughters of *A.* of their shares, conveyed to *C.*, immediately after *A.'s* death, all his share and interest in *A's* estate. On a bill in chancery, brought by two of the daughters of *A.*, who had acquired, by purchase, the interest of the others, against *B.* and *C.*, it was held, 1. that the debt of *B.*, being assets in the hands of the administrator, and subject to distribution, it was competent to a court of probate to do entire justice between the parties, and the interference of a court of chancery was unnecessary and improper; 2. that if chancery could grant any relief, in such case, it could not take from *B.* his share and vest it in the plaintiffs, leaving him still liable to pay his debt to the estate.

THIS was a bill in chancery, brought by *Peter B.Strong* and *Joanna,* his wife, and *James Woodworth,* and *Susanna,* his wife, against *Roger Bailey* and *Abel Gay,* stating the following facts : That *Samuel Bailey,* now deceased, had, during his life, advanced to several of his sons the sum of 1000 dollars, each, and had expressed his intention to advance the like sum to his son *Roger,* one of the defendants ; that he afterwards became insane, and so continued until his death ; that during his insanity, and while his estate was managed by his wife and children, they were persuaded and induced, by *Roger,* to advance to him, out of the estate, the sum of 1000 dollars ; that this sum was advanced under an agreement, that on a settlement of the estate, it should be reckoned and computed to *Roger,* towards his share in the estate, as advanced portion ; that all parties in interest acquiesced in what had so been done, under the belief that it was legal, and that in the final settlement of the estate,

the sum so advanced would be reckoned and computed to *Roger*, as an advancement; that *Samuel Bailey* died on the 7th of *September* 1824, leaving an estate of about 3000 dollars, after the payment of debts, to be distributed among his children and heirs at law; that the administrator, having paid the debts, for the purpose of making a distribution of the estate among those entitled thereto, exhibited to the court of probate an account of the advancements made to the sons; that it was found by said court, and decreed, That all the sons had received their full portions of said estate, and were not entitled to any distributive share therein; but that *Roger* having before the death of his father, become, and ever since continuing to be, insolvent, and conspiring with *Gay*, (the other defendant,) to defraud the daughters of the intestate of their shares in his estate, conveyed to him, (*Gay*) on the 7th of *September* 1824, all his share and interest in said estate; and that *Gay* took the conveyance with a full knowledge of all the facts. The bill then stated, that by means of conveyances from the other heirs, the plaintiffs had become entitled to their respective shares, and were the only persons in interest; that *Roger Bailey* had taken an appeal from said decree of the court of probate; and that he and *Gay* were endeavouring to defraud the plaintiffs of their just rights.

*New-London,*
July, 1830.

Bailey
*v.*
Strong.

The relief sought was an injunction against further proceedings on the appeal from probate, and a decree against *Gay*, compelling him to convey to the plaintiffs the estate which *Roger* had conveyed to him.

The superior court found the facts, thus stated, to be true, so far as regards the payment of 1000 dollars to *Roger*, by the wife and children of *Samuel;* but it did not find, that there was any agreement that this sum should be reckoned and accounted to him, upon the final settlement of the estate, as an advanced portion. The court further found the facts stated in the bill regarding the insolvency of *Roger Bailey*, the conspiracy between him and *Gay*, the advancements made to the other sons, and the title of the plaintiffs, to be as stated: and further, that the decree of the court of probate, so far as it related to the advancement made to *Roger*, had been reversed by the superior court, on the ground that said sum of 1000 dollars, having been received by him while said *Samuel* was insane, could not be considered as a gift or advancement made by him. And the court further found, that *Roger Bailey* was indebted

New-London, to the estate of the deceased in the full amount of the moneys so July, 1830. received by him, which far exceeded his distributive share in the estate.

Bailey
v.
Strong.

Upon the facts thus stated and found, the court decreed, that *Gay* should, under a penalty, convey to the plaintiffs all the right, title and interest in the estate, which he acquired by virtue of the conveyance from *Roger Bailey* to him ; and that the title to *Roger's* share in the estate and in the lands so by him attempted to be conveyed, should be vested in the plaintiffs.

To reverse this decision, the defendants brought the present writ of error.

*Goddard*, for the plaintiffs in error, took several exceptions to the bill and decree. The two more prominent and comprehensive positions, which he maintained, and the only ones which it is now necessary to state, were, 1. That the facts stated and found did not authorize the interposition of a court of chancery, in any way.

2. That the decree passed, by the superior court, could not be sustained.

*H. Strong*, for the defendants in error.

BISSELL, J. This writ of error is brought to reverse a decree of the superior court ; and the question is, whether the facts stated in the original bill, and found by the court, will sustain the decree made thereon? In my opinion, they lay no foundation for the interposition of a court of chancery ; and still less do they warrant the decree in question. The only allegation in the bill, which would furnish any plausible ground of resort to a court of equity, *viz.* an agreement, on the part of *Roger Bailey*, that the sum advanced to and received by him, should be reckoned and accounted to him, on the final settlement of the estate of *Samuel Bailey*, as an advanced portion therein, is found not to be true. On the contrary, it is found, that *Roger Bailey* is indebted to the estate for the sum so advanced. Here, then, is a debt, which is assets in the hands of the administrator, and subject to distribution. What has a court of chancery to do here?

It is said, however, that *Roger Bailey* is deeply insolvent, and unable to pay his debts. Be it so. We then have this case, by no means an uncommon one. An insolvent heir is in-

New-London,
July, 1830.

Strong
v.
Bailey.

debted to the estate of his intestate to the full amount of his distributive share therein. Has a court of chancery ever interfered in such a case? No instance has been cited; and, it is believed, that none can be found. The reason is obvious, and furnishes a decisive answer to the present application. The settlement,—and the entire settlement,—of estates, appertains to the several courts of probate; and from their decisions an appeal lies to the superior court. *Pitkin* v. *Pitkin* & al. 7 *Conn. Rep.* 307. These courts are vested with chancery powers, on all subjects within their jurisdiction, and can so mould and form their decrees as to do entire justice between all parties in interest.

What is there to prevent a court of probate from doing this, in the case now before us? The debt of *Roger Bailey*, as has been remarked, is assets in the hands of the administrator, and is to be disposed of, along with the other property of the deceased, in a course of distribution. Why not distribute to *Roger Bailey* his own debt as his portion in the estate? If this may not be done, under the direction of the court of probate, why should it be done by a court of chancery? If there are reasons why it should not be done, in the one case, do they not equally apply in the other?

But however this may be, on no principle can this decree be vindicated. By it the entire portion of *Roger Bailey* in the estate of *Samuel Bailey*, deceased, is taken from him, and vested in the plaintiffs: and yet he is made a debtor to the estate for the very advancement, which is the basis of the decree. That debt he is still liable to pay; and it is no answer, to say, that he is insolvent. The liability still rests upon him, and may be enforced, and the entire debt collected, should he ever be of sufficient ability to pay it.

This view of the case renders it unnecessary to consider the other objections, which have been taken to the decree. The judgment of the superior court must be reversed.

The other Judges were of the same opinion.

*Judgment reversed.*