## HARRIET B. WAY vs. CHARLES D. WAY.

In the distribution of an estate there was set to the widow as dower one-third of the land by metes and bounds, and an undivided third of certain buildings. Upon a petition afterwards brought by her to the Superior Court praying for

a partition of the buildings, it was held that a setting apart to the widow of her interest was a setting out of her dower, and that the probate court alone had jurisdiction of the matter.

A court of probate may make a partial assignment of dower, leaving dower to be assigned in a portion of the real estate at a future time. Such a course may often be for the interest of all parties concerned.

Where a shed had been erected by the widow and heirs, which was intended to become a part of the undivided estate, it was held that it was to be regarded as a part of it, and was subject to distribution with the rest by the court of probate.

PETITION for a partition of certain real estate; brought to the Superior Court in Tolland County. Facts found and case reserved for advice. The case is sufficiently stated in the opinion.

*Bill*, for the petitioner.

*West*, for the respondent.

CARPENTER, J. This is a petition to the Superior Court for a partition of certain buildings, which were a part of the real estate formerly belonging to Daniel Way, now deceased. In the distribution of his estate there was set to the widow, the petitioner, for her dower, one-third of the land by metes and bounds, and one undivided third of the buildings. This in effect set out dower to her in the land only, leaving the buildings undivided, her interest in them being the same as it was before. She now asks the Superior Court to complete the work of setting out her dower by a partition of the buildings. This cannot be done. The court of probate alone has jurisdiction of the matter of assigning dower to the widow. Gen. Statutes, Rev. 1875, tit. 18, ch. 11, sec. 2; *Pitkin* v. *Pitkin*, 7 Conn., 307; *Bailey* v. *Strong*, 8 Conn., 278; *Beach* v. *Norton*, 9 Conn., 182.

We see no reason for holding that the court of probate by a partial distribution exhausted its power. Such a doctrine would oftentimes result in serious inconvenience to parties interested in the settlement of estates. In many cases a partial distribution now, leaving the balance of the estate to be distributed hereafter, will better promote the interests of the

parties concerned. Such a course received the sanction of this court in *Webster* v. *Merriam*, 9 Conn., 225. We see no objection to applying the same principle to the assignment of dower. It is true that dower may be assigned, and the statute contemplates that it will be, before the distribution among heirs; nevertheless the assignment of dower is a part of the distribution. Gen. Statutes, Rev. 1875, tit. 18, ch. 11, sec. 6. And it frequently happens that dower is set out and distribution made to the heirs at the same time, as it seems to have been done in the present case. Presumptively therefore at the time of the distribution it was for the advantage of the petitioner to have her interest in the land separated from that of the heirs, and her interest in the buildings remain in common with them. If now it is desirable that the buildings also should be divided, we think it is competent for the court of probate to order it done. That court affords an expeditious and inexpensive remedy, and we cannot see that the rights of the parties are prejudiced by requiring them to resort to that court instead of the Superior Court.

It appears that a shed was erected on the land by the petitioner and the heirs after the decease of Daniel Way. It is claimed that in respect to the shed the Superior Court and not the court of probate has jurisdiction. It does not appear whether the shed was erected on land set to the widow, or on land set to the heirs; nor whether it was an addition to other buildings or a separate building. We think, however, that it is a fair inference from the allegations in the petition and all the circumstances of the case, that it was the intention and understanding of the parties that the shed should be an addition to, and become a part of, the undivided estate. If so it is subject to distribution by the same tribunal. *Husted's Appeal from Probate*, 34 Conn., 488.

We advise the Superior Court to dismiss the bill.

In this opinion the other judges concurred.