## CHARLOTTE H. ADAMS' APPEAL FROM PROBATE.

### SAME.                    SAME.

Under the statute providing for the appointment of guardians by the court of probate, if a minor of lawful age shall select as guardian a proper person in the judgment of the judge of probate, the judge has no discretion in the matter, but it is his duty to approve such choice, and make the appointment accordingly.

The judgment of a judge of probate in disapproving of the choice so made by a minor, must be based upon facts shown, or within his knowledge, and is the subject of review by the Superior Court on appeal, like all other decisions of the court of probate, where it is not otherwise specifically provided by law.

The matter of costs in such appeals is discretionary with the Superior Court, and is not the subject of review by this court.

APPEALS from two decrees of the court of probate for the district of Simsbury; brought to the Superior Court in Hartford county, and tried before *Pardee, J.*, who found the following facts:

The appellant applied to the court of probate for the district of Simsbury for the appointment of a guardian, and then being of legal age, to wit, fourteen years, to choose a guardian for herself, made choice before the court of Isaac P. Owen for her guardian. The court of probate disapproved her choice, and requested the appellant to make choice of some other person, which she refusing to do, the court appointed, against

her remonstrances, Willis Dewey as her guardian. Mr. Owen was in all respects a proper and competent person for the guardianship. From these decrees of the court, refusing to appoint Owen guardian, and appointing Dewey, the minor took these appeals. Willis Dewey appeared as appellee, and resisted the reversal of the decrees.

Upon the trial the appellee claimed as matter of law, and asked the court to hold, that the judge of probate was not obliged by law to approve the first choice of the appellant, even though the person so chosen was not unfit for the position, but had power in his discretion to refuse to approve the person first chosen, and require the appellant to choose some other proper person, and on her refusal so to do, to appoint a guardian himself; and that such refusal to approve, being an exercise of discretion, was not a ground of appeal, and requested that the appeal be dismissed. But the court refused so to hold, and held that an appeal might be taken from such refusal to approve, and sustained the appeal, and reversed the refusal of the judge of probate to approve, and directed the judge of probate to approve Isaac P. Owen as guardian of the appellant, and also reversed the decree appointing Willis Dewey guardian.

The appellee thereupon requested the court not to decree the payment of the costs of the appeals by him personally. But the court held that the appellee should pay the costs of the appeals out of his personal estate.

The appellee thereupon filed a motion in error in the one case, and a motion for a new trial in the other.

*C. E. Perkins* and *W. C. Case*, in support of the motions.

*R. D. Hubbard*, with whom was *Jones*, contra

PARK, J. The principal question made in one of these cases is, whether the refusal of a judge of probate to approve of the choice of a person to be guardian, made by a minor of sufficient age to make such choice, is the subject of review by the Superior Court on an appeal taken from such refusal.

The appellee claims that under section 66, page 312, of the General Statutes, a judge of probate has the power to approve or disapprove of the choice made by such minor, at his discretion, whether such choice is a proper one for approval or not in the judgment of the judge ; and the only remedy that the minor has, should the judge disapprove, consists in making another choice of some person to be guardian. We think this construction of the statute is incorrect. Minors having no father or master have ever been regarded by the law with the greatest solicitude. It has sought to make up the loss of a father to them, so far as it can be done, by the relation of guardian and ward, which comes as near that of father and child as human wisdom can devise. Indeed the law places the guardian *in loco parentis,* and means that he shall foster the ward with parental anxiety. But guardians must be appointed. Some persons would carry out the object of the law, and some would not. How shall the selection be made ? The common law gave the selection to the minor, when of sufficient age to act with discretion in the matter. But experience proved that minors, although of proper age to choose their guardians, sometimes were governed too much by their feelings, and improper selections were made. The statute in question sought to improve upon the common law. It is equally desirous to leave the selection to the minor, when of sufficient age to exercise judgment and discretion, so far as it can safely be done for the good of the minor, and devised the mode therein prescribed to make the appointment. The selection shall first be made by the minor ; then, if in the judgment of the judge of probate the party selected is not a proper person to be the guardian, the judge may require that another selection be made. But if the judge of probate has the power to disapprove of the selection made by the minor whenever the judge sees fit so to do, whether the selection is a proper one to be made or not, the minor, in effect, has no agency in the matter, and the appointment might as well be left to the judge in the first instance, as to go through with the farce of one selection after another, till the will of the judge of probate shall finally be accomplished by the selection

of the person that the judge had in view at the commencement. The appellee claims that the expression in the statute, " but if he (the judge of probate) disapprove of such person so chosen, then the minor may choose some other proper person," shows that the first person selected was a *proper* one to be appointed, and so he infers that the statute recognizes the right of the judge to disapprove of a person, although a proper one in the judgment of the judge. We think this expression means the opposite of that claimed. The minor may choose some other *proper* person; that is, some other person who shall be proper to be appointed. The statute assumes that if the judge shall disapprove of the selection made, it will be on the ground that the choice was not a proper one, and so the minor may choose some other *proper* person. The claim contended for makes absurdity of the statute. If the first choice was a proper one, why make another? Surely a second choice can be no better than the first one. Can any reason be given for the claim other than the gratification of the caprice of the judge of probate, which we are slow to believe the statute intends? We have no doubt that the statute means, if a minor of lawful age shall make a proper selection of a person to be his or her guardian in the judgment of the judge of probate, the judge has no discretion in the matter, but the duty of the judge is to approve of the choice made, and make the appointment accordingly. It follows therefore that the judgment of a judge of probate, in disapproving of the choice made by a minor under this statute, must be based upon facts shown, or facts within the knowledge of the judge; and it is the subject of review by the Superior Court on appeal taken from such judgment, like all other decisions of the court of probate, where it is not otherwise specifically provided by law. We think the case comes within section 88, page 231, of the statutes in relation to appeals from the decisions of the court of probate to the Superior Court.

The conclusion to which we have come in this case renders it unnecessary to consider the appeal taken from the judgment of the court of probate in appointing Willis Dewey to

be the guardian of the appellant; for if the judge of probate erred in refusing to approve of the choice of a guardian made by the appellant, the court of probate manifestly erred in appointing at the same time another person to be such guardian, contrary to the remonstrances of the appellant.

We think the matter of costs in both of these cases was a matter discretionary with the Superior Court, and is not the subject of review by this court. *Canfield* v. *Bostwick*, 22 Conn., 270. There is no error in the judgment complained of in the case we have first considered, and no cause for a new trial in the other case.

In this opinion the other judges concurred.