JOSIAH J. WHITE *vs.* ELLSWORTH B. STRONG.

First Judicial District, Hartford, October Term, 1902.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

The plaintiff's minor son nominated the defendant as his guardian, who was appointed by the proper Court of Probate, after notice to and hearing the plaintiff. The plaintiff thereupon appealed from the action of the Court of Probate, and also brought a suit in equity alleging that the defendant had procured his nomination by improper influences exerted upon the minor, that he was in combination with interests hostile to him, and would use his office to the minor's prejudice, and asked for an injunction to restrain his acting as guardian pending the appeal. There was no averment that the plaintiff had been prevented by accident, mistake, or fraud, from having a full hearing in the Court of Probate, or that anything had occurred since the appointment of the guardian which rendered him an unsuitable person. *Held* that the complaint showed no ground for legal or equitable relief; and that to grant an injunction under these circumstances would contravene the established rule of law that a decree of the Court of Probate remains in force until modified or reversed by the Superior Court on appeal.

The suitability of the guardian named by a minor is a question within the exclusive jurisdiction of the Court of Probate, and its decree is conclusive upon all parties to the proceeding.

Whether, after a complaint has been held bad on demurrer, the plaintiff should be granted leave to amend, is a question for the discretion of the trial court; and if the circumstances under which an amendment is asked for are such as to justify the conclusion that its allowance will work an injustice, permission to amend is properly refused.

A request for the postponement for a few hours, of a hearing upon motion to amend, because of counsel's engagement before the Supreme Court in another county, will ordinarily be granted; but it may

properly be refused where the trial court is satisfied that the motion is made merely for the purpose of delay.

Submitted on briefs October 15th—decided December 5th, 1902.

ACTION for an injunction to restrain the defendant from acting as guardian of the property of the plaintiff's minor son, brought to the Superior Court in Middlesex County where a demurrer to the complaint was sustained (*Case, J.*), and, after a motion to amend the complaint had been denied (*Ralph Wheeler, J.*), judgment was rendered for the defendant, from which the plaintiff appealed for alleged errors in the rulings of the court. *No error.*

The case is sufficiently stated in the opinion.

*Theodore M. Maltbie,* for the appellant (plaintiff).

*Charles E. Gross,* for the appellee (defendant).

HALL, J.   The complaint in this case contains the following allegations, in substance : The plaintiff is the natural guardian of his minor son, Frederick Hall White, who is about seventeen years of age, and who, until recently, has lived on pleasant terms with the plaintiff at his home in Brooklyn, New York.   Said son has no brothers or sisters, and in case of his death the plaintiff will be his only heir. Said minor is the owner of and heir to property of the value of $100,000, situated in this State and consisting largely of choses in action, bonds, and other personal property, which he inherited from his mother, Eliza T. White, late of New Haven.   Among the assets of the estate of said Eliza T. White is a claim of about $38,000 against the estate of one Mary Ann Pratt, of Portland, of which estate the defendant is the sole executor and trustee, without bonds, which claim the defendant is not inclined to press against the estate of said Mary Ann Pratt.   J. Kingsley Blake, the administrator of the estate of said Eliza T. White, is not friendly to the interests of the plaintiff and said minor, and refuses to reduce to his possession the assets of said estate in Connecti-

cut, and does not perform his duty to retain said estate within the jurisdiction of this State, and said claim of $38,000 will only be pressed and obtained through the perseverance and aid of the guardian of said minor. One Davenport, of Brooklyn, acting as public administrator, claims to have jurisdiction over the estate of said Eliza T. White, and is endeavoring to obtain possession of all the property of said estate, but has hitherto been prevented from so doing by the action of the courts of this State, taken by reason of the efforts of the plaintiff and of one Northrop of Middletown, heretofore the guardian of said minor. The defendant is under the influence of said Davenport, and has been in his employ, and has entered into a combination with him to turn over the assets of said estate, in this State, to him in the State of New York, and he would not carry out the policy of keeping the assets of said estate in the State of Connecticut; and the defendant has been engaged in a system of espionage, corresponding with servants and persons who visit the plaintiff's house, to obtain information injurious to the plaintiff and said minor, and has communicated the information so obtained to the said Davenport. Upon the resignation of said guardian Northrop, said minor was induced by the solicitations, false statements and gifts of money of the defendant, to consent to the appointment of the defendant as his said guardian, and the Court of Probate of the district of Chatham in this State, upon a hearing to which the plaintiff was made a party and of which he was duly notified, in July, 1901, appointed the defendant guardian of said minor, and the plaintiff has appealed from the decree of the Court of Probate so appointing the defendant such guardian, to the Superior Court, and expects to prevail in said appeal and show good and sufficient reason why the defendant should not be appointed as such guardian. If the defendant is allowed to act as such guardian until said appeal is determined, great injury will be done to the plaintiff, and to the estate in which he has an interest, by the defendant's aiding said Davenport in obtaining possession of said estate in Connecticut, and by the fact that said administrator

Blake will have no one to compel him to do his duty, and the defendant as such guardian will alienate the friendship of said minor from the plaintiff.

The complaint prays for an injunction restraining the defendant from acting as such guardian until the determination of said appeal, and from aiding said Davenport in obtaining possession of the estate of said Eliza T. White in Connecticut, and from doing any act to alienate the friendship of said minor from the plaintiff; and also prays for $5,000 damages.

The trial court properly sustained the defendant's demurrer to the complaint and prayers for relief, upon the grounds that the facts stated showed no cause of action in the plaintiff for damages, or for equitable relief by injunction.

The plaintiff's son was of age to choose his own guardian; but § 454 of the General Statutes (Rev. 1902, § 217) requires the approval of the Court of Probate of the guardian so selected by the minor. If the person chosen by a minor of lawful age to choose a guardian, is, in the judgment of the judge of probate, a proper person, it is the duty of the Court of Probate to approve the choice made, and he has no discretion in the matter. *Adams' Appeal*, 38 Conn. 304, 306. Upon a hearing before the Court of Probate which confessedly had jurisdiction of the subject-matter—of which hearing the plaintiff was duly notified, and at which he was presumably present and was heard—the appointment of the defendant as guardian was approved. No complaint is made that the plaintiff was prevented by accident, mistake, or fraud, from having a full and fair hearing before the Court of Probate upon the question of whether the defendant was a proper person to be appointed guardian; nor does it appear that anything has occurred since the appointment which renders the defendant an improper person to continue to act as such guardian. The gist of the complaint is, that for the reasons therein stated the guardian selected by the minor was not a proper person to be appointed, that his appointment should not have been approved by the probate court, and that a court of equity should by injunction restrain him from acting under his appointment.

If, indeed, there is anything alleged in the complaint which would have justified the Court of Probate, or would justify the Superior Court upon the appeal taken, in disapproving the choice made by the minor, the facts stated are clearly insufficient to warrant the interference of a court of equity by injunction.

The question raised by the complaint, whether the defendant, who was chosen guardian by a minor of lawful age to select his own guardian, was a proper person to be appointed, is one which is by statute exclusively within the original jurisdiction of the probate court and the appellate jurisdiction of the Superior Court. The decree of the Court of Probate, upon the question clearly within its jurisdiction, is conclusive upon the plaintiff, who was a party to the proceeding in that court. *Dickinson* v. *Hayes*, 31 Conn. 417, 422; *Shelton* v. *Hadlock*, 62 id. 143, 151. To restrain the defendant by injunction from acting under his appointment, would be, upon the facts alleged, to enable the plaintiff to evade the established rule of law that such a decree of probate is not vacated by an appeal, but remains in force until modified or reversed by the Superior Court, upon appeal. *Lancaster's Appeal*, 47 Conn. 248, 259; *Dickinson's Appeal*, 54 id. 224, 231.

By statute the plaintiff was given ample remedy for his alleged grievance, by proceedings in the Court of Probate, and by appeal to the Superior Court; and it would therefore be both unnecessary and improper for a court of equity to interfere by injunction. *Bailey* v. *Strong*, 8 Conn. 278, 281; *Gates* v. *Treat*, 17 id. 388, 392; *Clement* v. *Brainard*, 46 id. 174, 184; *State* v. *Blake*, 69 id. 64, 78.

This action came before the Superior Court on the first Tuesday of October, 1901. On the 21st of February, 1902, *Judge Case*, who presided at that session of the court, filed a memorandum sustaining the demurrer to the complaint. On the 4th of April, 1902, the defendant, having moved for judgment, the plaintiff asked leave to file a motion to amend the complaint, and such motion to amend was filed April 9th. Both motions were assigned for hearing April 11th, before

the court, *Ralph Wheeler, Judge*, at the session of the court following that at which the demurrer was sustained. On that day the plaintiff's counsel failed to appear, and his representative moved for a postponement of the hearing until two o'clock in the afternoon of that day, upon the ground that plaintiff's counsel was engaged before the Supreme Court of Errors in another county. The court denied the motion for a postponement and the motion to amend the complaint, and rendered judgment for the defendant for costs. When said motions were decided and said judgment rendered, it appeared that *White's Appeal from Probate* (*post*, p. 314), in aid of which the present motion was brought, was nonsuited February 25th, 1902, and that the motion to open said nonsuit was denied on the day that the judgment in the present action was rendered.

There was no error in the action of the court (*Ralph Wheeler, Judge*). Whether or not the proposed amendment should be allowed was within the discretion of the court; and the circumstances under which it was offered were clearly such as would justify the conclusion that its allowance would work an injustice. *Dunnett* v. *Thornton*, 73 Conn. 1, 14; *Wildman* v. *Wildman*, 70 id. 700, 711; *Trustees* v. *Christ Church*, 68 id. 369, 372.

A request for a postponement for a few hours, of a hearing upon a motion to amend, upon the ground of the engagement of counsel before the Supreme Court of Errors in another county, would ordinarily be granted. It was claimed that the proposed amendment was for the purpose of delay, and we cannot say from the record that the trial court was not justified in denying the motion for a postponement of the hearing. The denial of the motion to postpone is not made a reason of appeal.

As the facts are sufficiently stated in the finding, there was no error in refusing to correct it.

There is no error.

In this opinion the other judges concurred.