## WHITE v. WHITE CO.

(Third Division. Valdez. February 8, 1911.)

No. 415.

1. LANDLORD AND TENANT (§ 63*)—ESTOPPEL—DENIAL OF LAND-
LORD'S TITLE.

A tenant cannot deny his landlord's title until he is discharg-
ed from the estoppel arising out of his lease and possession by
a yielding up of his possession to his lessor.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent.
Dig. §§ 159–163, 165–167, 169, 172–176; Dec. Dig. § 63.*]

2. GUARDIAN AND WARD (§ 113*)—LEASE—AUTHORITY OF GUARDIAN
—ESTOPPEL.

During the minority of the plaintiff, his guardian leased his
real property for five years, and beyond the date of his majority.
After his majority he brought suit to recover rent due. The
defendant pleaded that the guardian was not legally appointed
and had no authority to make the lease. *Held*, estoppels must
be mutual. Before the defendant can be estopped to deny the
guardianship of Kate White and her authority to make the
lease, the plaintiff must also be estopped so to do. In the very
nature of things, he cannot be estopped, unless the appointment
was by law authorized, if he was under the disability of mi-
nority.

[Ed. Note.—For other cases, see Guardian and Ward, Cent.
Dig. §§ 405, 406; Dec. Dig. § 113.*]

3. GUARDIAN AND WARD (§ 15*)—BOND OF GUARDIAN.

The probate court entered an order appointing Kate White
guardian of a minor, "to take effect upon the said Kate White
giving a bond in the sum of $——— and taking the oath re-
quired by law." No amount was fixed; no bond given; no
oath taken. On a suit by the minor, after attaining majority,
to recover rent on a lease made by Kate White during his
minority, her authority as guardian was denied for the want of
compliance with the law as to the bond and oath. *Held*, the
failure to require a penalty in the bond shows no intention en-
tirely to dispense with a bond, and the appointment was only
to become effective upon the giving of the bond and taking the
oath as required by law, neither of which was ever done.

[Ed. Note.—For other cases, see Guardian and Ward, Cent.
Dig. §§ 56–64; Dec. Dig. § 15.*]

*See same topic & § NUMBER in Dec. & Am. Digs. Key No. Series & Rep'r Indexes

4. Guardian and Ward (§ 13*)—Minor over Fourteen Years of Age.

> The probate court appointed a guardian for a minor then over 14 years of age without the minor's nomination or the service of citation, as provided by section 889 Carter's Code Civ. Proc. *Held*, the commissioner having no authority to appoint without the resident minor's consent or citation, it follows that an appointment made without both would of itself be of no effect.

> [Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. §§ 40–52; Dec. Dig. § 13.*]

By the complaint the plaintiff seeks to recover $1,200, being the total for three months' rent at $400 per month alleged to be due from the defendant for the months ending September 15, October 15, and November 15, 1909, under the terms of a five-year lease made by plaintiff's guardian, Kate White, December 23, 1907, of premises owned by plaintiff, to William M. Wilson, and by him assigned to the defendant.

The defendant by its answer denies its corporate existence at the time of the assignment of the lease. It admits the minority of plaintiff at the time the suit was begun, denies that Kate White ever was guardian of his estate, admits that defendant refused to pay rent after September 15, 1909, and denies all the other allegations of the complaint.

By way of affirmative defense the defendant alleges that one Antone Carlson was in May, 1908, appointed, became and still is guardian of plaintiff's estate; that said Kate White never became such guardian; that plaintiff will become 21 years of age November 6, 1910.

By way of a second affirmative defense defendant alleges that in October, 1907, upon the petition of said Kate White, the probate court of Valdez precinct, Alaska, made an order appointing her guardian of plaintiff's estate, by the terms of which order it was to become effective upon her giving a bond in the sum of $——— and taking the oath required by law; that she gave no bond and took no oath; that at such time the plaintiff was over 14, but that she was named as such guardian by such court without said minor choosing or nominating her

for such position and without his being cited or required to nominate a guardian and without his waiving his right so to do; that said order of appointment was her only authority for making said lease; that she had no interest as guardian in said premises, and her lease conveyed none.

For a third affirmative defense defendant alleges that said lease is void because by its terms it undertakes to let the premises far beyond the time at which said plaintiff would arrive at his majority.

For a fourth affirmative defense defendant alleges that one John Lyons was appointed by said Kate White, as guardian, her agent and that of said estate; that defendant occupied the premises as tenant at will from March, 1908, to December 14, 1909; that it paid all rent in full to that date, and then surrendered possession to said Kate White as such guardian, through her said agent; that such surrender was accepted by him; and that he thereupon entered into possession of and relet said premises to other parties.

The plaintiff demurs to certain paragraphs of the answer and to certain portions of certain paragraphs upon the ground that they do not state facts sufficient to constitute a cause of defense. Such portions of the answer are eight in number, but do not, any of them, include an entire defense as pleaded. Plaintiff's demurrer is therefore overruled.

Plaintiff also submits a motion to strike the same portions of the answer demurred to upon the grounds that they are irrelevant and redundant, and that they do not constitute a defense to the complaint; that it seeks to attack the validity of the guardian's appointment in a collateral proceeding, and because the defendant is estopped from denying the validity of the appointment of such guardian.

Brown & Lyons, of Valdez, for plaintiff.
Ostrander & Donohoe, for defendant.

CUSHMAN, District Judge. The attack made in this suit upon the validity of the guardian's appointment is not a collateral attack but a direct attack, as pleaded in the answer, for it alone involves the record of the guardian's appointment.

The first portion of the answer moved against is an allegation that the defendant was not incorporated prior to February 11, 1908, while the complaint alleges the lease the 23d day of December, 1907, and an assignment of the lease January 17, 1908, to the defendant. The motion to strike this allegation is denied, as it may be material in connection with the question of whether the defendant was a tenant under the lease or at will, or liable for the reasonable rental value.

The second allegation attacked by the motion in a denial in the answer that Kate White had any authority to make the lease. As to this point, and as to other portions of the answer affirmatively pleading want of authority on the part of Kate White to act as the guardian of the plaintiff or make the lease, the plaintiff argues that they should be stricken, because the defendant was a tenant under lease executed by her and under the well-known rule of law that a tenant is estopped to deny his landlord's title. This position is untenable, for the defendant is not denying the plaintiff's (Albert A. White's) title but is denying that Kate White was his qualified guardian.

The foundation of the estoppel is the continued possession acquired by virtue of the lease.

"The foundation of the estoppel is the occupation of the premises by the permission of the landlord. The estoppel is in pais and does not depend upon the lease, but is founded upon the possession, and is as operative after the conclusion of the lease as before, and until that possession is ended." 24 Cyc. 937, and citations.

"A tenant cannot deny his landlord's title until he is discharged from the estoppel arising out of his lease and possession by a yielding up of possession to his lessor." Id. 946, and citations.

The defendant in his answer sets up an affirmative defense, pleading a surrender of the premises and acceptance by the agent of said Kate White, claiming to act as guardian.

Estoppels must be mutual. Before the defendant can be estopped to deny the guardianship of Kate White and her authority to make the lease, the plaintiff must also be estopped so to do. In the very nature of things, he cannot be estopped unless the appointment was by law authorized, if he was under the disability of minority. 24 Cyc. 939, 940, and citations.

Regarding the allegation of the answer to the effect that the

lease was unauthorized, by reason of the fact that Kate White, while claiming to act as guardian, did not secure an order of the commissioner authorizing the lease to be entered into, such allegation in the answer may be stricken. There is no Alaskan statute requiring such an order prior to the making of a lease. The statute (sections 902 and 903, pt. 4, Carter's Codes) only requires authority from the court to enable the guardian to sell real estate of the minor. See, also, 21 Cyc. pp. 85 and 86, and citations.

The third allegation of the answer attacked by the motion is one to the effect that Antone Carlson and not Kate White was the duly appointed and qualified testamentary guardian of the plaintiff's estate, including the property claimed to have been leased by Kate White as guardian at the time said lease was made.

The plaintiff contends that as the petition of Kate White praying for her appointment as guardian, a copy of which is attached to the answer and made a part of it, recited that the said Antone Carlson had resigned as such guardian, such resignation to take effect upon the appointment and qualification of his successor, and that upon such petition the commissioner had named Kate White as guardian, the effect of the order appointing her was to terminate his guardianship without a formal order allowing his resignation or discharging him as guardian.

Section 890, pt. 4, Carter's Codes, provides:

"Every guardian so appointed * * * shall continue in office until the minor shall have arrived at the age of twenty-one years, or until the guardian shall have been discharged according to law. * * *"

Section 906, Id., provides:

" * * * And every guardian, upon his request, may be allowed to resign his trust when it shall appear to the commissioner proper to allow the same."

Under the foregoing statutes, the defendant contends that a new guardian cannot be appointed by the commissioner without the prior discharge of the old one. It is not clear that

4 A.R.—21

the law would not warrant joint guardians with a several authority and liability as well as joint. The defense must establish that Kate White was not guardian. If she was guardian, it matters not whether Carlson also was or not, and, if she was not the guardian, it does not matter. Under the general denial of her guardianship, the defendant may establish by proof, if able to do so, the fact that her attempted appointment was void by reason of not going into effect until her predecessor's discharge. Such allegation may therefore be stricken.

The fourth allegations attacked by the motion are: First, that Kate White is not and never has been the guardian of the person or estate of plaintiff; second, that neither Kate White nor plaintiff has capacity or authority to prosecute the action. For reasons already given, the motion is overruled as to the first point. Regarding the second, it is overruled because the plaintiff has already arrived at the age of 21 and been substituted as sole plaintiff in the place of himself as minor, suing by a guardian, as the cause was originally instituted.

The fifth allegation attacked by the motion is that the said Kate White never complied with the law and order of the court appointing her as guardian of plaintiff, by giving the bond and taking the oath required by law. Concerning the requirement of a bond of the guardian and the effect of a failure to give one upon the power of the guardian in handling a minor's estate, section 891, pt. 4, of Carter's Codes, provides:

"Every such guardian shall give bond, with surety or sureties, to the United States, in such sum as the commissioner may order, with conditions as follows: * * *"

Under authority of this provision, the commissioner, it is stated in the answer, made an order to the following effect:

"* * * Now, therefore, * * * it is ordered * * * that the said Kate White be and she is hereby appointed guardian of said minor, Albert Arthur White, to take effect upon the said Kate White giving a bond in the sum of $—— and taking the oath required by law. Dated at Valdez, Alaska, this third day of October, A. D. 1907.                    By the Court:
                                   "John Lyons, Judge."

What is the meaning in the above act of the words "in such sum as the commissioner may order"? Does it imply that the commissioner is empowered to order that the guardian give a bond in no sum whatever? Certainly not. The word "sum," as here used, means amount in money; nothing, a cipher or a blank, is neither a sum nor an amount. While the commissioner has authority to fix the amount of the bond at such reasonable sum as under the circumstances he may, in the fair exercise of his discretion, determine, yet the use of the word "such," in the above act, implying the power to select or determine the sum or amount, does not bestow upon him the authority to require nothing.

The conditions required in the bond of the guardian by the remaining portion of section 891, supra, are:

"First. To make a true inventory of all the real estate, and of all goods, chattels, rights, and credits of the ward that shall come to his possession or knowledge, and to return the same to the commissioner at such time as the latter may order.

"Second. To dispose of and manage all such estate and effects according to law and for the best interest of the ward, and faithfully to discharge his trust in relation thereto, and in relation to the custody, education, and maintenance of the ward.

"Third. To render, on oath an account of the property in his hands, including the proceeds of all real estate sold by him, and of the management and disposition of all such property, within a year after his appointment, and at such other times as the commissioner shall direct.

"Fourth. At the expiration of his trust, to settle his accounts with the commissioner or with the ward or his legal representatives, and to pay and deliver over all the estate and effects remaining in his hands, or due from him on such settlement, to the person or persons who shall be legally entitled thereto."

If the first part of this section contemplates that by the words "such sum" Congress intended to empower the commissioner when he deemed best to require no fixed amount as a penalty in a bond, it is certain that no intention is shown to enable him to dispense with the remainder of the requirements and conditions of the bond to be given, with surety or sureties, binding the guardian to make a true inventory and manage the estate for the best interest of the ward, to render on oath an account of the management and proceeds of the estate, and to account therefor to the party entitled thereto.

A written bond with explicit provisions is here contemplated, a bond that would even be enforced in the absence of a provided penalty. 5 Cyc. 734, note 39, and citations.

If the commissioner can require a bond with no penalty, then any bond containing no provided penalty is a good bond. The decision in the case of Hatch v. Ferguson (C. C.) 57 Fed. 966, Id., 68 Fed. 43, 15 C. C. A. 201, 33 L. R. A. 759, is controlling upon this question. The Court of Appeals for the Ninth Circuit in the first-mentioned case reviews the decisions holding the statutory requirement of a guardian's bond as directory and not mandatory; but, in holding the requirement of the Washington statute before the court in that case mandatory, the court places its ruling, not alone upon the wording of the statute, but upon "the purpose which was intended to be subserved by the provision requiring a bond of the guardian." That is for the minor's protection. In one case the minor may be slightly prejudiced by holding the provision to be mandatory, but in the majority of cases a strict enforcement of this requirement will be beneficial to the estates of minors. See, also, 21 Cyc. at pages 20 and 45, and citations.

If an effective bond with no specific penalty might be required, the order appointing Kate White as guardian provides that the appointment shall "take effect upon said Kate White giving a bond in the sum of $——— and taking the oath required by law." The failure to require a penalty in the bond shows no intention entirely to dispense with a bond, and the appointment was only to become effective upon the giving of the bond and taking the oath as required by law, neither of which the answer alleges was ever done. The motion to strike is denied.

The sixth allegation moved against in the answer is that the plaintiff was over 14 years of age at the time the commissioner of Valdez precinct made an order purporting to appoint Kate White as guardian; that he neither nominated her as guardian nor was he cited by the commissioner to nominate a guardian; that her only authority was the order of that court appointing her as guardian, to take effect upon giving a bond in the sum of $——— and taking the oath required by law;

that she, as guardian, had no interest in the property or authority to make the lease; that neither the lessee nor the defendant acquired any interest or right of possession by virtue of the lease. Section 889, pt. 4, of Carter's Codes, provides:

"Who to Nominate Guardian. If the minor is under the age of fourteen years the commissioner may nominate and appoint his guardian, and if he be above that age he may nominate his own guardian, who, if approved by the commissioner having jurisdiction of the estate, shall be appointed accordingly; and if the guardian nominated by such minor shall not be approved by such commissioner, or if the minor shall reside without the district, or if, after having been cited by the commissioner, he shall neglect to nominate a suitable person, the commissioner may nominate and appoint the guardian in the same manner as if the minor were under fourteen years of age."

Under this language it is clear that the commissioner can appoint a guardian for a minor above 14 only in the manner provided herein; that is, if the minor reside within the district, and do not nominate a guardian approved by the commissioner, or if, after being cited by the commissioner, he neglect to nominate a suitable person as guardian, the commissioner may appoint one as though he were under 14. The inference is clear that the commissioner may not appoint a guardian for a resident minor over 14 years unless nominated by the minor or after citation to the minor. If under 14, no notice is required; if over 14, this citation is the only notice required by law. The commissioner having no authority to appoint without the resident minor's consent or citation, it follows that an appointment made without both would of itself be of no effect. 21 Cyc. pp. 30, 49, 50, and citations.

The seventh allegation of the answer attacked by the motion is that the lease is of no effect and binds neither party because not authorized or directed by the commissioner and because by its terms it granted a lease of the premises far beyond the term of plaintiff's minority. The motion to strike the allegations in so far as they plead want of an order by the commissioner directing the lease is concerned, they are stricken; but the motion is otherwise denied, although the effect, if proven, of the lease extending beyond the minority of the

plaintiff may fall short of rendering it void, as contended by the latter, 21 Cyc. pp. 85, 86, and citations.

The eighth allegation in the answer moved against is that John Lyons was the agent and attorney in fact of the said Kate White, appointed by her, in the appropriate capacity of plaintiff's guardian, to handle and control the property of said estate. The allegation is followed by other paragraphs setting up a surrendering of the leased premises by the defendant to said agent and an acceptance thereof by him at the close of the period for which the defendant claims to have paid the full rent. The surrender having been made to an agent, it was proper to plead his agency in the answer. Although part of the allegation of the paragraph attacked may be superfluous, the substance of it is not. It does not appear that this defense of a surrender of the leased premises by the defendant and the acceptance is so inconsistent with the other defense as to require it to be stricken. 31 Cyc. 148 et seq., and citations.

The defendant does not attack the title of the plaintiff to the leased premises. It claims that it got no lease from any one with authority to lease; that it got a lease from Kate White, claiming to act as plaintiff's guardian, without right so to do on her part. If this be true, the lessor in this lease' was Kate White, and the surrender of the premises by the defendant might be made to her; she being the person who put the defendant in possession under said lease.

The motion is therefore denied as to this allegation.