KATHERINE HAMILTON ET AL. *vs.* THE STATE OF CONNECTICUT ET AL. (KATHERINE HAMILTON ET ALS'. APPEAL FROM PROBATE).

Third Judicial District, Bridgeport, April Term, 1920.
PRENTICE, C. J., WHEELER, BEACH, GAGER and CASE, Js.

A national bank which has received permission from the Federal Reserve Board, pursuant to the Act of Congress (U. S. Comp. Stat., 1919 Supplement, § 9794, K), may act in any fiduciary capacity open to State banks or trust companies in the State where it is located; and inasmuch as banks and trust companies in Connecticut are authorized to act as guardian, conservator, trustee, receiver, executor or administrator of the estate of any person (§ 3955), a Court of Probate in this State is bound to appoint, as guardian of the estate of a minor (§ 4865), a national bank thus qualified, if found to be competent and if requested so to do by a minor fourteen years old or more.

Neither State legislation forbidding the exercise of such powers by a national bank, nor the absence of legislation expressly sanctioning its exercise of them, can affect the right of Congress to confer upon national banks the same powers possessed by State banks and trust companies in the same territory, or impair the national bank's right to exercise them when so bestowed.

Submitted on briefs April 13th—decided May 7th, 1920.

APPEAL by the plaintiffs from an order and decree of the Court of Probate for the district of Waterbury refusing to appoint the Manufacturers National Bank as guardian of the estate of Katherine Hamilton, a minor, taken to and reserved by the Superior Court in New Haven County, *Kellogg, J.,* upon an agreed statement of facts, for the advice of this court. *Judgment advised for the plaintiffs.*

*Francis T. Reeves, Clayton L. Klein* and *Messrs. Bronson, Lewis* and *Hart,* for Katherne Hamilton and The Manufacturers National Bank (plaintiffs).

*Frank E. Healy*, Attorney-General, and *Herbert O. Bowers*, for the State of Connecticut (defendant).

CASE, J.   In a proceeding brought on her behalf by her father as her natural guardian, Katherine Hamilton, of Waterbury, a minor of sufficient age to choose a guardian under §§ 4864, 4865 of the General Statutes, applied to the Court of Probate for that district to appoint a guardian of her estate, and made choice therefor of The Manufacturers National Bank, a banking association organized under the laws of the United States and located in Waterbury.   The bank had previously applied for and been granted by the Federal Reserve Board of the United States a special permit to act in certain fiduciary capacities under the Act of Congress more specifically referred to later, and had equipped a trust department and otherwise fully complied with the law to meet the requirements of its extended business.   The Court of Probate found that occasion existed to appoint a guardian of the minor's estate other than either parent, and that the minor's nominee was in all respects fit and competent for the position, but refused to make the appointment solely on the ground that it had no authority to appoint a national bank.   Upon appeal to the Superior Court, the case has been reserved for our advice upon the single question as to whether this conclusion of the court was correct.

Under the amended provisions of the Act of Congress establishing the Federal Reserve Board, authority is given the board to grant to any national bank applying for it and "when not in contravention of state or local law," the right to act in various enumerated capacities including that of guardian of an estate, "or in any other fiduciary capacity in which state banks, trust companies, or other corporations which come into com-

petition with national banks are permitted to act under the laws of the State in which the national bank is located." It is further provided that when the State laws "authorize or permit the exercise of any or all" the enumerated powers by corporations "which compete with national banks," such a grant to a national bank shall not be deemed to contravene the State or local law. Sec. 9794, Par. K., U. S. Comp. Stat., 1919 Supplement, Vol. 2.

Before the passage of this amendment, that portion of the Act which it affects—and only affects by amplifying its provisions and making them more certain— had already been upheld as in all respects a valid and effective exercise of the powers of Congress. *First National Bank of Bay City* v. *Union Trust Co.*, 244 U. S. 416, 37 Sup. Ct. 734. After referring to *M'Culloch* v. *Maryland*, 17 U. S. (4 Wheat.) 316, and *Osborn* v. *United States Bank*, 22 U. S. (9 Wheat.) 738, as establishing the principle that Congress may confer upon national banks the right to exercise business functions of a private nature and subject to State regulation, if these are also incidental to the successful discharge of the bank's public functions, the court, in the case cited, goes on to say that "even although a business be of such a character that it is not inherently considered susceptible of being included by Congress in the powers conferred on national banks, that rule would cease to apply if by State law State banking corporations, trust companies, or others which by reason of their business are rivals or *quasi*-rivals of national banks, are permitted to carry on such business. This must be since the State may not by legislation create a condition as to a particular business which would bring about actual or potential competition with the business of national banks, and at the same time deny the power of Congress to meet such created condition by legislation appro-

priate to avoid the injury which otherwise would be suffered by the national agency." pp. 425, 426.

There is nothing ambiguous or of doubtful meaning in this. It squarely bases the soundness of such legislation upon the broad right of Congress to protect this "national agency"—the banks—from a possibly unfair and injurious advantage secured by competing State corporations through the discriminating favor of State laws. The right of the State to withhold from a national bank within its borders the enjoyment of any powers conferred by Congress which are co-extensive with those given to State corporations exercising the same or similar functions in their chartered activities, is expressly denied. It can make no essential difference, then, whether this State discrimination takes the form of an express statutory prohibition, or is to be implied from the mere absence of permissive legislation; the test to be applied is the same in both cases. If State banks or trust companies are accorded powers in the conduct of their business that may appropriately be exercised in connection with the primary purposes of that business, neither State legislation forbidding the exercise of such powers by a national bank, nor the absence of legislation expressly sanctioning its exercise of them, can affect the right of Congress to confer the same powers upon national banks in the same territory, or impair the banks' right to exercise them when so bestowed.

It is unnecessary, therefore, to comb the general and special statutes of the State for positive or implied expressions of State policy upon the subject. Both the Act of Congress, in its present amended form, and the forerunning judicial expression of its entire constitutionality in the case quoted from, rest the test first and last in the State's treatment of its own subject corporations. Since by the express provisions of § 3955 of the General

Statutes, a State bank or trust company "may act as guardian, conservator, trustee, receiver, executor or administrator of the estate of any person, (but not of the person of any ward)," there can be no question of the right of a national bank in this State, when expressly clothed with that authority under the Act of Congress, to exercise any of these enumerated powers.

Upon the agreed statement of facts, therefore, the applicant, Katherine Hamilton, was entitled as a matter of right under our decisions to the appointment of the guardian of her choice, The Manufacturers National Bank (*Adams' Appeal,* 38 Conn. 304; *White* v. *Strong,* 75 Conn. 308, 311, 53 Atl. 654), and the Superior Court is so advised.

No costs will be taxed in this court in favor of either party.

In this opinion the other judges concurred.