VINCENT FERRIE *vs.* ALBERT TRENTINI ET UX.

Third Judicial District, New Haven, January Term, 1930.
WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued January 24th—decided March 31st, 1930.

*Charles S. Hamilton,* for the appellants(defendants).

*Philip Pond,* with whom was *Daniel D. Morgan,* and, on the brief, *Joseph B. Morse,* for the appellee (plaintiff).

HINMAN, J. The first two assignments of error relate to the sustaining of the plaintiff's demurrer to the return. Most of the allegations of the return pertain to issues relevant to and involved in the appeal from the action of the Court of Probate in removing the respondent parents as guardians of the person of the minor and appointing the plaintiff as such guardian, in that they contemplate a retrial of issues, such as the suitability of the parents to retain their natural guardianship, and the welfare of the minor, determinative of the action of the Court of Probate, and not appropriate to or available in the present action. This is not applicable, however, to that portion of the return (paragraph four) which amounts to an allegation that the decree of the Court of Probate appointing Ferrie as guardian, which is the basis of the issuance of the writ, is void because, after a first choice by the minor had been disapproved, she was not given opportunity to choose some other person. Whether such a defect as so alleged renders the decree a nullity, and therefore the defendants were not bound to recognize and comply with it, is a question which was fairly raised by the allegation and the demurrer. The

246 

sustaining of the demurrer imports a ruling that this, like the other issues sought to be raised by the return, was a proper subject of review on the appeal from the decree of the Court of Probate and not appropriate to the present action.

The applicable statutory provisions present no difficulties of construction. Section 4861 of the General Statutes provides that if both parents or the sole living parent of a minor shall be removed the Court of Probate "shall thereupon appoint a guardian of the person of such minor unless it shall appear that such minor is fourteeen years of age or over, in which case such minor shall be given an opportunity to choose his guardian as hereinafter provided." The provision for choice so referred to is § 4864, which reads as follows: "If any minor child fourteen years of age or over has no parent or guardian of his person the Court of Probate for the district in which such minor resides may notify him to appear and choose some person to be guardian of his person, and if said court shall approve of the person so chosen it may appoint him, but if it shall disapprove of such person or if such person fail to accept and qualify, the minor may choose some other person to be approved and appointed as aforesaid; but if such minor shall refuse or neglect to make choice of a person approved of by said court who will accept and qualify said court may appoint such person as it may deem proper."

The purpose of the present statute is the same as that of its predecessors, which were similar in all essential respects, and like conditions apply thereto. "Guardians must be appointed. Some persons would carry out the object of the law, and some would not. How shall the selection be made? The common law gave the selection to the minor, when of sufficient age to act with discretion in the matter. But experience

proved that minors, although of proper age to choose their guardians, sometimes were governed too much by their feelings, and improper selections were made. The statute in question sought to improve upon the common law. It is equally desirous to leave the selection to the minor, when of sufficient age to exercise judgment and discretion, so far as it can safely be done for the good of the minor, and devised the mode therein prescribed to make the appointment. The selection shall first be made by the minor; then, if in the judgment of the judge of probate the party selected is not a proper person to be the guardian, the judge may require that another selection be made. But if the judge of probate has the power to disapprove of the selection made by the minor whenever the judge sees fit so to do, whether the selection is a proper one to be made or not, the minor, in effect, has no agency in the matter, and the appointment might as well be left to the judge in the first instance, as to go through with the farce of one selection after another, till the will of the judge of probate shall finally be accomplished by the selection of the person that the judge had in view at the commencement. . . . We have no doubt that the statute means, if a minor of lawful age shall make a proper selection of a person to be his or her guardian in the judgment of the judge of probate, the judge has no discretion in the matter, but the duty of the judge is to approve of the choice made, and make the appointment accordingly. It follows therefore that the judgment of a judge of probate, in disapproving of the choice made by a minor under this statute, must be based upon facts shown, or facts within the knowledge of the judge." *Adams' Appeal,* 38 Conn. 304, 306; *Hamilton* v. *State,* 94 Conn. 648, 652, 110 Atl. 54; *White* v. *Strong,* 75 Conn. 308, 311, 53 Atl. 654.

In *Adams' Appeal, supra,* the Court of Probate disapproved the first choice made by the minor and requested her to choose some other person, which she refused to do, and the court then made an appointment. The statutory requirement of an opportunity to the minor to make a second choice having been complied with, the sufficiency of the facts supporting the disapproval of the minor's first choice was held to be a proper subject for determination on appeal. Here, however, it is alleged, and admitted by the demurrer, that irrespective of the merits of the disapproval of the minor's first choice, opportunity to make or to refuse to make the second choice, which the statute requires be given her, was withheld from the minor. The appellants claim that the consequence of failure to comply with the statute in this respect deprived the court of jurisdiction to make an appointment and that its decree is open to attack, as void for that reason, in the present proceeding. The appellee contends that failure to accord the minor a second opportunity to choose a guardian raises a question reviewable only on appeal from the action of the Court of Probate in making the appointment.

The line separating want of jurisdiction from an erroneous exercise of jurisdiction is not always a plain one. *Terry's Appeal,* 67 Conn. 181, 185, 34 Atl. 1032. Cases under similar statutes, involving this question and not complicated by other elements, such as lack of service or notice, are few. *Sherman* v. *Ballou,* 8 Cowen (N. Y.) 304, 307, concerned a statute (1 R.L. 454, § 30) which authorized the surrogate "to allow of guardians, who shall be chosen by infants of the age of fourteen years; and to appoint guardians for such as shall be within that age." It was held that the surrogate, being an officer created by statute, possessed no powers except such as are given him thereby.

"By this act, the surrogate is not to *appoint* a guardian for infants over fourteen; but his *allowance* or *approbation* gives efficacy to an act of such infant, which otherwise would be nugatory and void. There is no act to be done by the surrogate, until an election of guardian shall have been made by the infant. If, then, the infant does not choose a guardian, any act of allowance by the surrogate is merely void. Until the choice by the infant, the surrogate has no jurisdiction."

The Oklahoma statute (§§ 1434, 1435, C.O.S. 1921) provided that if a minor is above the age of fourteen years "he may nominate his own guardian, who, if approved by the [county] judge, must be appointed accordingly. . . . If the guardian nominated by the minor be not approved by the judge . . . or if, after being duly cited by the judge he neglects for ten days to nominate a suitable person, the judge may nominate and appoint the guardian." In *In re Guardianship of Baptiste* (1925) 114 Okl. 116, 243 Pac. 938, minors over the age of fourteen nominated W. W. Buchannan and asked the county court to appoint him as their guardian. The court, after hearing, refused to appoint Buchannan and appointed Elmer McCauley. On appeal the Supreme Court held that the county court was without authority to appoint McCauley guardian, "as under the latter section, supra, the minors would have had ten days to nominate another guardian after the court had disapproved their nomination. This section has been construed by this court in the case of *Mullen* v. *Hawkins*, 97 Okl. 30, 222 Pac. 697, the third paragraph of the syllabus of which is as follows: 'Sections 1434 and 1435 . . . authorizing and providing for the appointment of guardians for minors by the county court, are mandatory, and must

be substantially complied with, in order to give the court jurisdiction to make the appointment.' "

*White* v. *White Co.*, 4 Alaska, 317, 325, held that, under a statute similar to that of Oklahoma, the prescribed authority (commissioner) "may not appoint a guardian for a resident minor over fourteen years unless nominated by the minor or after citation to the minor. . . . The commissioner having no authority to appoint without the . . . minor's consent or citation [and neglect to nominate], it follows that an appointment made without both would of itself be of no effect." See also 28 Corpus Juris, p. 1074.

Our statutory provisions, their history, reason and purpose, indicate the importance to be attached to the according to the minor over fourteen of an opportunity to choose the person to be placed *in loco parentis* as to him. The practical considerations entitling such minor to the privilege of nominating his guardian are clearly set forth in *Adams' Appeal, supra.* If the person chosen by him is a proper person, it is the duty of the Court of Probate to approve the choice made, without the exercise of any discretion in the matter. *White* v. *Strong supra,* p. 311; *Hamilton* v. *State, supra,* p. 652. Disapproval by the court of the minor's choice must be based upon facts sufficient to justify such action. *Adams' Appeal, supra,* p. 307. If the court, although for adequate cause, disapprove the first choice, the minor, clearly, is entitled to opportunity to name some other person, and it is only when, having been given this opportunity, he neglects or refuses to make choice, the court may appoint a person, not nominated by the minor, but whom the court, itself, has chosen.

We regard it as clear that neglect or refusal by the minor to make choice, after due opportunity given him, is an essential prerequisite to a valid appoint-

ment by the Court of Probate of a person not chosen by the minor, as his guardian. If, as the return alleges, the appointment of the plaintiff, Ferrie, was made by the Court of Probate without a choice of another person, by the minor, after the disapproval of her choice first made, and without giving her a reasonable opportunity either to do so or to refuse, the decree was void and of no effect, for the reason that the Court of Probate was without power to make the appointment. If so, neither the minor nor the defendants would be bound to comply with and conform to it, and the claimed invalidity was a proper allegation in the return and, if established, would constitute a sufficient defense. The situation is not altered if, as does not seem to be questioned here, the court had jurisdiction of the general subject-matter—the appointment of a guardian for the minor in the manner provided by statute. *Equitable Trust Co.* v. *Plume,* 92 Conn. 649, 657, 103 Atl. 940. While as to the other allegations of the return the demurrer was properly sustained, it should have been overruled as to paragraph four.

Error is assigned, also, in that, upon sustaining the demurrer to the return, the court rendered final judgment for the plaintiff without further hearing upon the facts. In the procedural situation which the record indicates as then existing, the respondents not having pleaded further after the elimination of their return as insufficient, no occasion appears for proof other than of the decree of the Court of Probate set up and relied upon in the petition for the writ. The statute contemplates a summary disposal of the issues in habeas corpus. General Statutes, § 6037. Those issues which, as we have indicated above, were appropriate only to an appeal from the decree had no proper place in the present action. *White* v. *Strong, supra.* However,

proof of the probate proceedings sufficient to establish the jurisdictional and other facts essential to the existence and effectiveness of the decree relied upon was necessary. *Potwine's Appeal,* 31 Conn. 381, 383; *Dorrance* v. *Raynsford,* 67 Conn. 1, 7, 34 Atl. 706. The record affords no indication that this was done.

Further reasons of appeal relate to the order issued by the court to effectuate its judgment on the writ of habeas corpus, in the form of an execution. We find no reason or authority for issuance of execution upon a judgment in habeas corpus. Disobedience or resistance of a lawful order, judgment, or mandate, constitutes a contempt of court. *Rogers Mfg. Co.* v. *Rogers,* 38 Conn. 121; 13 Corpus Juris, p. 9. A judgment in habeas corpus may be enforced by direct resort to contempt proceedings. Hurd on Habeas Corpus, p. 320. The so-called execution issued in the present case served no useful purpose.

The final assignments are based upon a claimed construction of that part of the judgment which relates to the commitment of the defendants for contempt in refusing to obey the order for delivery of the custody of the minor to the plaintiff, as commanding their imprisonment for a period longer than the maximum of sixty days provided by § 6035 of the General Statutes, under which the commitment manifestly was ordered. The statute clearly means that commitment under it may not be for a period exceeding sixty days and that, at any time within the term of commitment, the respondent may apply for a discharge upon purging himself of the contempt or for other sufficient cause. The use of the word "and" for "or" in the judgment-file is not to be regarded as contemplating or attempting a transgression of the statutory limitations, but as a mere inadvertence, and the judgment is

fairly to be construed as being consonant with the statute.

There is error, the judgment is set aside and the cause remanded with direction to the Superior Court to overrule the demurrer as to paragraph four of the return to the writ and to proceed with the case according to law.

In this opinion the other judges concurred.