The applicant, having been adjudged in contempt by a Justice of the Peace for failure to obey an order made by the Justice acting pursuant to the provisions of Sec.846d, 1937 Supplement to the General Statutes, seeks by writ of habeas corpus to be released from the custody of the respondent Deputy Sheriff.
The evidence discloses that on August 16, 1937, the Justice of the Peace entered a default judgment against the applicant for $68.84. On the same day he entered an order requiring the applicant to pay the full amount of the judgment on or before August 20, 1937. No notice was given to the applicant prior to the entry of the order by the Justice, either in the original writ and complaint served on him when the action against him was commenced, nor afterward, that the plaintiff in the action would seek to satisfy a judgment by recourse to the applicant's wages. The applicant was not present when the order was entered and had no notice that the plaintiff was applying for the order. No evidence was presented before the Justice as to the amount of the applicant's earnings nor as to any other circumstances of the applicant. Following the failure of the applicant to obey the order to pay the judgment, the Justice adjudged the applicant to be in contempt and ordered him confined in jail for ten days.
It further appears in evidence that the applicant is married, having a wife and three children dependent upon him; that he has no property or money and his only income is derived from his employment, from which he receives $28 a week; that in addition to his current requirements for supporting his dependents, he owes a number of obligations, incurred for food, medical services, etc., furnished to the members of his *Page 287 
household, which he is endeavoring to discharge by periodic payments out of his earnings.
Section 846d abolishes the right of a creditor to garnishee a debtor's wages. It gives the creditor, however, a right to seek to satisfy a judgment by obtaining orders for the payment by the debtor of such portion of the debtor's earnings as may be found to be reasonable. The debtor is liable to be punished for contempt in the event of failure to comply with any such order.
The act expressly requires that the orders for payments shall be reasonable orders. Orders contemplated by the Statute, to be reasonable, must have a direct relation to the amount of the debtor's earnings or to the amount of any debt already accrued to the debtor by reason of his personal services. Furthermore the debtor must be afforded an opportunity to produce evidence relating to his circumstances and any other actions pending or judgments outstanding against him, which may be taken into consideration by the Court in fixing the amounts to be paid.
The act deals only with situations where a creditor seeks to satisfy his claim out of debts accruing to his debtor by reason of the personal services of the debtor, and the drastic power of enforcing an order for the payment of a judgment by resort to contempt proceedings is available to a creditor only in situations where the act applies and its requirements are strictly followed.
The act contemplates that the payments which a debtor may be ordered to make are to be made out of "any debt accruing by reason of the personal services of such" debtor. In no event can such an order be valid if it requires a debtor to pay more than the amount of any debt already accrued or thereafter accruing to the debtor in a given period by reason of his personal services.
Manifestly if a debtor is unemployed at the time of the entry of such an order, and there is no debt accrued or accruing to him by reason of his personal services, no authority exists under the statute for the entry of an order for payments to be made by the debtor. Nor can an order properly be entered under the act which requires a debtor to pay a greater sum than the amount of any debt accrued or accruing to him by reason of his personal services. Any such order which may require a debtor to make payments in excess of the debts *Page 288 
accruing to him from personal services, is in effect an execution on the judgment, and is tantamount to subjecting the debtor to contempt proceedings for failure to satisfy an execution.
The order entered by the Justice of the Peace requiring the applicant to pay the full amount of the judgment of $68.84 within five days, when the only debt accruing to the applicant by reason of personal services at most did not exceed $28.00 was beyond the power of the Justice to enter, and was therefore a nullity. The order being one which the Justice had no power to enter, was void and of no effect, and the applicant was not bound to comply with it. Ferrie vs. Trentini,111 Conn. 243, 251.
Disobedience of a void order does not constitute contempt.13 C. J. 13 So. 14.
 The writ of habeas corpus is sustained and the applicant is ordered discharged from further custody.