## VICTORIA P. DININO
### *vs.*
## COSMO DININO

Superior Court      Hartford County      File No. 64811

MEMORANDUM FILED JULY 20, 1942.

W. M. *Pomerantz,* of Hartford, for the Plaintiff.

E. G. *Goldstein,* of Hartford, for the Defendant.

Memorandum of decision on plea in abatement to motion for contempt.

KING, J. On May 1, 1942, the Superior Court for Hartford County granted a decree of divorce to the defendant husband on his cross-complaint, also rendering judgment for him on the plaintiff's original complaint for a divorce. In this decree custody of the two minor children was awarded to the defendant husband subject to rights of visitation, as more particularly therein set forth, granted the plaintiff wife.

The plaintiff, by motion dated June 10, 1942, seeks to have the defendant adjudged in contempt for failure to obey the provisions of the divorce decree concerning her right of visitation. To this motion the defendant has filed a plea in abatement on the ground that the Superior Court was without jurisdiction to render any decree with respect to the custody of the children because the Probate Court for the District of Hartford, prior to the commencement of any divorce proceedings, had removed the plaintiff mother as guardian of the persons of the two children and had appointed the defendant as sole guardian of their persons.

It is the defendant's claim that in so far as the Superior Court assumed to exercise jurisdiction over the custody of the minor children it was without power so to do, and that that part of its decree was a nullity for disobedience to which the defendant cannot be held in contempt.

No issue was joined on the facts set forth in the plea in abatement, although it is elementary that good pleading required this. *Palmer vs. Reeves,* 120 Conn. 405, 411. However, the only matter of fact therein set forth of any consequence was evidenced by a certified copy of the record of the judgment of the Probate Court, admitted in evidence by consent of both parties, and the plea was presented and heard on the theory that there was no dispute as to the original binding force of the Probate Decree, and that the facts of the plea in abatement were admitted as on demurrer. The court will treat the issues as treated by the parties, especially since this accords with the rule of *Williamson, Ltd. vs. Perry,* 111 Conn. 317, 324; *Practice Book* [1934] §85, p. 41; §103, p. 46.

The claim, made in this court on the hearing of the divorce petition, was, not that there was any prior action pending in the Probate Court involving these children at the commence-

ment of these divorce proceedings; but on the contrary, that such an action had terminated prior to the commencement of the divorce proceedings.

This would have been fatal to any plea to the jurisdiction or in abatement, since the real defense sought to be raised was *res adjudicata*. *Tracy vs. New York, N. H. & H. R. Co.*, 82 Conn. 1, 7; *Dettenborn vs. Hartford-National Bank & Trust Co.*, 121 id. 388, 392. This is an affirmative defense which must be affirmatively pleaded in an answer and the burden of proving it is on the pleader. *Practice Book* [1934] §104, pp. 46, 47.

The defendant perceived this distinction from the beginning, and does not dispute it now, for the file in the divorce case shows that the plaintiff wife, by amendment to the complaint, asked for custody, and that this defendant then amended his answer to set up the defense of *res adjudicata*. And the entire original brief was devoted to a claim that the probate decree was *res adjudicata* of the question of custody.

It is true that the Superior Court awarded the custody of the children to the defendant husband who had not asked for it as far as the pleadings disclose, rather than to the plaintiff wife, yet in a divorce action the statutes (Gen. Stat. [1930] §§5184, 5186) make it permissible for the court to award the custody of minor children in accordance with their welfare, unfettered by any technical rules of pleading. *Morrill vs. Morrill*, 83 Conn. 479, 489.

From this it follows that when the divorce action was instituted each party was put on notice (regardless of any claim in the pleadings) that a custody award might be made to either party unless the matter had already been passed upon by the Probate Court in such a way as to preclude action by the Superior Court, or, in other words, unless the defendant husband sustained his burden of proving his defense of *res adjudicata*. It is hardly necessary to point out that this defense of *res adjudicata*, at least as far as the claims here made were concerned, applied to any attempt on the part of the Superior Court to deal with the question of custody, whether that involved an award to the plaintiff wife (which in its practical effect would have been wholly inconsistent with the probate decree) or, as actually made, an award to the defendant, which in its practical effect was inconsistent with the

probate decree only in so far as the right of visitation accorded the plaintiff wife was concerned.

Thus when the defendant, by his special defense of *res adjudicata*, raised the question of the effect of the prior probate decree on the Superior Court's right to award the custody to the plaintiff mother, he also necessarily raised the same claim as to the court's right to award the custody to him. The defense of *res adjudicata* was thus necessarily put in isssue and passed upon by the Superior Court. Since the mother was given rights of visitation under the decree of the Superior Court which she did not have under the decree of the Court of Probate, the defendant was, to that extent, injured and aggrieved, as a practical matter, by the Superior Court decree, and, like any other party so affected by a judgment, could have taken an appeal, the gist of which would have been that the Superior Court erred in not finding that the defendant husband had sustained the burden of proving his defense of *res adjudicata*. Whether such an appeal would have been successful or not is immaterial. It is enough that it was not taken.

Indeed, the defendant has, with the court's permission, filed the same brief in this case as it filed in this court in the divorce proceedings. In addition, a foreword or preface was filed, stating that (for the reasons advanced in the divorce proceedings) the custody decree of this court was a nullity.

The defendant, in brief and oral argument, although conceding that the custody decree of the Superior Court had to be void, as distinguished from merely voidable, in order to be subject to the collateral attack here sought to be made, claimed that under our law the decree was absolutely void, and, so, a nullity not binding on the defendant so as to require him to dignify it by troubling to take an appeal. In other words the defendant claims he could flout the decree of the Superior Court with impunity, and if any attempt were made to enforce it, file a plea to the jurisdiction and in abatement. The defendant is apparently of the belief that he is following the case of *Ferrie vs. Trentini,* 111 Conn. 243, 248, but overlooks the fact that a decree of the Probate Court, as a court of limited jurisdiction, stands on an entirely different basis from the decree of the Superior Court, as a count of plenary jurisdiction.

Since either the Probate Court or the Superior Court can modify or change a guardianship or custody decree by it rendered, the defendant's claim is admittedly reduced to a contention that when once either court has acted on such a matter, any subsequent change must come from that court in which such action was taken. It may well be that this is correct, as a general proposition. But if so it would not sustain the defendant's position. He must go farther and establish that the action of the Superior Court was an absolute nullity before he can sustain his present claims. There is nothing in *Dunham vs. Dunham,* 97 Conn. 440, or in *Pfeiffer vs. Pfeiffer,* 99 id. 154, relied upon by the defendant, which could be construed as holding (as this defendant admittedly is forced to claim) that such exercise of its statutory powers by the Superior Court could be treated as a nullity, subject to collateral attack in the manner here attempted. In so far as they bear upon the problem at all, these decisions tend to support the view that the jurisdiction of the Superior Court to award custody of a minor child as incident to a divorce pending before it is exclusive.

This is enough to warrant the overruling of the plea in abatement. However, certain considerations reinforce such a disposition. If the defendant's claims were accepted, the Superior Court, which is given the statutory power to modify its own custody decree from time to time as the welfare of a child demanded, would be without power (no matter how pressing the need) to modify the decree of a Probate Court, except as an appellate Court of Probate, on appeal from a decree of the Probate Court modifying, or refusing to modify, its own decree.

Implicit in the defendant's claims, is that the removal of one parent (here, the mother) and the appointing of the other parent as sole guardian of the person of the minor, in a proceeding in the Probate Court is one and the same thing as the awarding of sole custody of a child to the other parent (here, the father) in a divorce proceeding. As pointed out in *Pfeiffer vs. Pfeiffer, supra,* p. 157, a case on which the defendant seems to rely (dealing with the converse of the situation here), "the Superior Court has not by this judgment [awarding the custody of a child to its mother in a habeas corpus action] removed the father as joint guardian of the infant." Thus while the action of the two courts in the case at bar was, as

already pointed out, slightly inconsistent in its practical effect (in the detail of the rights of visitation accorded the mother) yet technically an award of custody to the father did not, *ipso facto,* operate to remove the mother as joint guardian of the person. That result had already come about by the action of the Probate Court. So that it is not true that the decrees of the two courts dealt with the same subject matter. The Probate Court was concerned with the guardianship of the person; the Superior Court with the custody of the child.

A parent, even though falling far short of the average (to say nothing of the ideal) in general suitability properly to carry out the obligations of that most difficult, although common, relationship, should not be deprived of all right to see his or her child, unless such deprivation is required by the paramount consideration of the welfare of the child, and such is seldom the case. Therefore there is every reason to believe that the Superior Court exercised its discretion wisely in granting the mother the rights of visitation complained of. Particularly is this so where, as here, it was admitted that the child is actually being cared for and housed in a child-caring institution. The result contended for by the defendant is thus a factually undesirable one, in its application to this individual case, and indefensible on broad grounds as well as on the narrower grounds to which the parties have limited their briefs.

The defendant should have taken an appeal from the decree of the Superior Court, and, having failed to do so, the judgment must stand. In other words the defect, if any there be (and this is far from clear as indicated by *Dunham vs. Dunham,* and *Pfeiffer vs. Pfeiffer, supra,* and 17 *Am. Jur. Divorce and Separation* §678, p. 514), is not of a character such that the decree of the Superior Court was a nullity. At most it was erroneous, and, in the absence of an appeal, must stand.

The plea in abatement should be overruled.

While it is true that the court, at the request of counsel, heard some evidence on the motion for contempt under the original theory that if the plea in abatement was overruled an immediate decision on the contempt motion could be rendered, further consideration indicates that such a course would only add to the present confusion brought about by the state of the pleadings, and that orderly procedure makes it desirable,

if not essential, having in mind the welfare of the child, that the motion should be continued for a full hearing *de novo* in regular course, now that the plea in abatement has been disposed of. Since the usual punishment for a contempt of this character is confinement in jail, counsel for the defendant may, by appropriate advice to his client, make it unnecessary to have any hearing on the facts involved in the issue of contempt, as such, about which there appears to be little dispute. *See Walden vs. Siebert,* 102 Conn. 353, 359; *Ferrie vs. Trentini, supra.*

The plea in abatement is overruled.

The motion for contempt is continued for hearing *de novo* in regular course.