Merrimack,
Dec. 7, 1915.

## APPEAL OF HENRY W. WOODBURY & a.

A national bank though authorized to act as administrator by a special permit issued pursuant to the federal reserve act (38 U. S. Stat. *p.* 262, *s.* 11 (k)), cannot be appointed to that office, since Laws 1915, *c.* 109 *s.* 34, prohibits the appointment of banks as administrators.

Laws 1915, *c.* 109, *s.* 34 prohibiting probate courts from appointing banks as administrators is not invalid on the ground that it is based upon an arbitrary classification, or is discriminatory, or unreasonable, or otherwise unconstitutional.

Though the general purpose of a statute is often of great value in determining the meaning and scope of a particular section, nevertheless effect must be given to the section according to the legislative intent, if plainly expressed therein, though the section deals with matters outside the general purview of the statute.

Probate courts have such powers and only such as the legislature gives them.

PROBATE APPEAL, from a decree denying the appellants' petition for the appointment of the First National Bank of Concord, New Hampshire, as administrator of the estate of Nellie E. Woodbury. The bank was incorporated prior to December 23, 1913. The petition was denied upon the ground that the court had no power to make the appointment. At the October term, 1915, of the superior court the decree of the probate court was affirmed by *Branch*, J., and the appellants excepted.

*William W. Thayer* (by brief and orally), for the appellants.

WALKER, J. "No trust company, loan and trust company, loan and banking company, bank or banking company, or similar corporation, shall hereafter be appointed administrator of an estate, executor under a will, or guardian or conservator of the person or property of another." Laws 1915, *c.* 109, *s.* 34. The federal reserve act, approved December 23, 1913, authorized the reserve board "to grant by special permit to national banks applying therefor, when not in contravention of state or local law, the right to act as trustee, executor, administrator, or registrar of stocks and bonds, under such rules and regulations as the said board may prescribe." 38 U. S. Stat., *p.* 262, *s.* 11 (k). The First National Bank having received such special permit, the claim is made by the appellants, that their exception to the ruling of the superior court, affirming the decree of the probate court denying the petition for the bank's

appointment as administrator, should be sustained, upon the ground that section 34, chapter 109, Laws of 1915, above quoted, does not, as a matter of law, prevent the probate court from granting the petition for its appointment; in other words, that such appointment would not be "in contravention of state or local law." This contention is based upon a finding of legislative intention that the probate courts of the state were empowered to appoint national banks as administrators, but could not confer that power upon local banking institutions. If it is assumed that banks, whether state or national, in the absence of statutory prohibition, might act as administrators, there is no doubt that the statute of 1915 prohibits the appointment of state banks to that trust. But the statutory language is broad enough to include national banks as well. Is it probable that language of that comprehensive character was intended to apply to one class of banks and not to the other? Was such a discrimination against state institutions intended? Presumably, such a result was not contemplated.

It is argued, however, that as all the preceding sections of the chapter have reference to the organization and management of state banking institutions, that fact shows that national banks were not within the purview of the section in question. It is true that the general purpose of a statute is often of great use in determining the meaning and scope of a single section, and is specially useful in cases of ambiguous or doubtful sections. But in this case the language of the section clearly includes national banks. If it had reference to the organization and management of banks, as the previous sections of the act do, national banks would not be included, because they are not under the power of the state in these respects. It could not be presumed that the legislature intended to have its language apply to subjects which were without its jurisdiction. But the state has the power to prohibit the probate courts from appointing banks as administrators, as it has done in the provision in question; and the words, banks and banking institutions, would, in the usual sense of language, include national banks. There is nothing in the subject-matter of the section indicating a purpose not to include them. The fact that the principal part of the act necessarily excludes them from its operation does not conclusively show they were not intended to be included in section 34, the terms of which, when thus applied, present no inconsistency. It is apparent that that section was intended to have a broader application than most of the preceding sections, and to relate to national as well as state banks.

As strong corroborative evidence that such was the intention of the legislature, it is significant that after section 1 of the act, which provides for a board of incorporation of state trust and banking companies, reference is made in most of the next thirty-two sections to "such corporations," meaning those designated in section 1; while in section 34 that phrase is omitted and the language is: "No trust company, loan and trust company, loan and banking company, bank or banking company, or similar corporation, shall hereafter be appointed administrator," etc. This radical change of language was not the result of mere inadvertence, but was intended to indicate a change in the scope of the last section from that given the others. The language was used in a broad sense, in contradistinction to the restricted sense indicated by "such corporation."

That the prohibition was intended to apply generally to banks and trust companies is not open to serious doubt. The statute does not attempt to manage or regulate the business of national banks located within the state, in contravention of the laws of the United States (*Barker* v. *Bank*, 59 N. H. 310; *Commonwealth* v. *Kestner*, 92 Pa. St. 372; *Allen's Appeal*, 119 Pa. St. 192; *State* v. *Menke*, 56 Kan. 77), but it merely prohibits the probate courts from appointing them to act as administrators, executors, or guardians. Moreover, the federal reserve act recognizes the right of the state to prevent banks from acting in those capacities, and grants them the power to do so only "when not in contravention of state or local law." As the exercise of such power is in contravention of our statute, the appointment of the bank would be illegal.

The argument is advanced that the First National Bank, having been incorporated many years ago, is not subject to section 34, because it is provided in section 33 that "the provisions of this act shall not apply to such corporations which were incorporated before its passage, except in so far as such corporations are in terms made subject thereto by its provisions." It is a sufficient answer to this suggestion to say that the section quoted has no application to national banks, since it refers to "such corporations," meaning the state banks which had been the subject of legislation in the previous part of the chapter. It is not probable that by the operation of section 33 probate courts were empowered in some cases to appoint banks as administrators, notwithstanding the strong prohibitory language of section 34. Section 33 does not increase the jurisdiction of probate courts beyond the limitation contained in section 34.

Nor would it be difficult to assign reasons of sound public policy

for the legislative mandate contained in the last section. It applies to all banking institutions. No discrimination is made between the individuals composing the class. The legislature may have deemed the individuality of a personal representative of a deceased person, in the settlement of the estate, to be a valuable and useful element in an administrator, which might, and in most cases would, disappear in a large measure if banks were generally appointed to positions of that character. Or the idea might have been entertained that the business of banking might be inconsistent with the prompt and careful settlement of estates in general. But whatever the reasons or the combination of reasons may have been for this legislation, it is apparent that banks were not arbitrarily made a class for the mere purpose of discrimination. It cannot be said that the classification is unreasonable, or that it is unconstitutional. *Magoun* v. *Savings Bank*, 170 U. S. 283, 293, 294; *Clark* v. *Kansas City*, 176 U. S. 114; Cool. Con. Lim. (7th ed.) 15 note (a), 561.

As the federal reserve act was approved on December 23, 1913, authorizing national banks to act as administrators when the state law permitted it, it is claimed that the New Hampshire statute of 1915 could not deprive them of that privilege; in other words, that subsequent state legislation would be ineffective to deprive them of the power of administration if they already possessed it in this state. Assuming, but not deciding, they have had that authority, it is clear that the language of the reserve act does not lead to the conclusion that the legislature of this state could not subsequently provide that national banks should not act as administrators, or that the probate courts should not appoint them to such positions. The power of the state over the probate courts is exclusive, and they have such powers and only such as the legislature gives them. The act of congress was not an attempt to invest probate courts with a power of appointment they did not possess before, but it was an authorization to national banks to accept appointments when the probate courts were authorized to make them. As those courts cannot now make such appointments, it necessarily follows that national banks cannot be appointed. They have no vested right to exercise that trust, and can only enjoy the privilege when the appointing power is authorized to appoint them.

*Exception overruled.*

All concurred.