AQUIDNECK NATIONAL BANK OF NEWPORT, R. I. *vs.*
RICHARD W. JENNINGS, Gen. Treas.

JULY 6, 1922.

PRESENT Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

(1)  *National Banking Act.   Power of National Bank to Act in Fiduciary Capacity.*

Under the Federal Reserve Act power was granted to a National Bank "to act  .  .  .  as trustee, executor, administrator and registrar of stocks and

bonds in so far as the exercise of such power is not in contravention of state or local law,"

*Held*, that the exercise by a National Bank of the fiduciary powers enumerated in the permission of the Federal Reserve Board, was in contravention of the laws of this State.

(*2*)   *National Banking Act.   Federal Reserve Act.   Power of Congress to control construction of state laws.*

The amendment by Congress of the Federal Reserve Act in 1918 providing that "whenever the laws of such state authorize or permit the exercise of any or all of the foregoing powers by state banks, trust companies or other corporations which compete with national banks, the granting to and the exercise of such powers by national banks shall not be deemed to be in contravention of state or local law within the meaning of that act," must be assumed as intended as the legislative construction which Congress placed upon the provisions of its own act, for the power of Congress to control a state court in the construction of the laws of its state, cannot be admitted.

(*3*)   *National Banking Act.   Federal Reserve Act.   Mandamus.   State Officers.*

Without the sanction of the general assembly, the duties of a state officer are not to be extended through the provisions of an act of congress.

MANDAMUS.   Heard on demurrer to petition and demurrer sustained.   Petition for writ denied and dismissed.

SWEETLAND, C. J.   This is a petition for a writ of mandamus to compel the respondent as General Treasurer of the State to accept from the petitioner forty-five thousand dollars in United States Fourth Liberty Loan Bonds, which the petitioner has tendered as security for the performance of its duties in a fiduciary capacity in accordance with what it alleges are the provisions of the Federal Reserve Act.

The Attorney General of the State in behalf of the respondent has demurred to the petition.

The petitioner alleges that it is a banking corporation organized under the National Bank act of Congress, engaged in a general banking business in Newport as authorized by its charter; that under the authority of the act of Congress known as the Federal Reserve act the Federal Reserve Board granted to the petitioner the right "to act . . . as trustee, executor, administrator and registrar of stocks and bonds in so far as the exercise of such power is not in

contravention of state or local law;" that said Federal Reserve act provides as follows: "whenever the laws of a state require corporations acting in a fiduciary capacity to deposit securities with the state authorities for the protection of private or court trusts, national banks so acting shall be required to make similar deposits and securities so deposited shall be held for the protection of private or court trusts as provided by the state law;" that under the provisions of Section 7, Chapter 231, General Laws of Rhode Island, 1909, every trust company is required to deposit with the General Treasurer of the State in certain securities therein specified, which include the bonds of the United States, "an amount that shall be at all times equal in value to twenty per centum of the entire capital stock of said corporation which bonds shall be held by said treasurer as an additional security for the faithful performance by said corporation of its duties as trustee, executor, custodian, conservator, guardian, assignee or receiver;" that the entire capital stock of the petitioner is two hundred thousand dollars and that it tendered forty-five thousand dollars in said Liberty Loan Bonds to the General Treasurer to be held by him as additional security for the faithful performance by the petitioner of those duties in a fiduciary capacity which it is empowered to assume by the grant of the Federal Reserve Board; that the respondent as General Treasurer has refused to receive said bonds of the petitioner.

The respondent's demurrer sets forth several grounds which in substance are (1) that the exercise by the petitioner of the fiduciary powers enumerated in the permission of the Federal Reserve Board is in contravention of the laws of this state; (2) that the acceptance of the proposed deposit by the General Treasurer would be in contravention of the laws of the state; and (3) that, upon said petition this court should not by a writ of mandamus compel the respondent to perform acts which do not fall within the respondent's powers or duties under the laws of this state.

The provisions of the Federal Reserve act giving to the Federal Reserve Board power to authorize a national bank to act as an executor or trustee was looked upon by some as a further step by Congress in what has been regarded as its tendency to legislate in matters of purely local and state (1) concern. The legislature of New Hampshire met the situation by providing that no trust company, bank or banking company or similar corporation, should thereafter be appointed administrator of an estate, executor under a will, guardian or conservator of the person or property of another; and the Supreme Court of that state has held that national banks as well as state corporations were included within the prohibition of that legislative act. *Appeal of Woodbury*, 96 Atl. 299. The provision in question came before the Supreme Court of Illinois, in *People* v. *Brady*, 271 Ill. 100. That court held that the implied power of Congress under the constitution to create national banks as governmental agencies, declared in *McCulloch* v. *Maryland*, 4 Wheat. 316, and *Osborn* v. *United States Bank*, 9 Wheat. 738, did not extend to the power of authorizing such banks to act as trustees, or the personal representatives of decedents. The court further held that such permission to a national bank was in contravention of the laws of Illinois, which had designated the corporations which could act in a fiduciary capacity and had especially provided for state examination as to their financial stability and for their control. In *Attorney General* v. *National Bank*, 192 Mich. 640, it appeared that the First National Bank of Bay City had been granted by the Federal Reserve Board the power to act in a fiduciary capacity. The proceeding was in the nature of *quo warranto* questioning the right of said national bank so to act. One member of the court was of the opinion that the exercise of the granted powers was in contravention of the laws of Michigan, relative to the settlement of the estates of deceased persons. A majority of the court, however, held that the authority given by the Federal Reserve Board to the respondent national bank did not

contravene the Michigan law, but that the grant of authority to a national bank to act in a fiduciary capacity in accordance with the provisions of the Federal Reserve act was beyond the express or implied powers of Congress, was repugnant to the Federal Constitution; and that the respondent bank was without legal authority so to act within the state of Michigan. This case was reviewed by the United States Supreme Court upon writ of error to the Supreme Court of Michigan in *First National Bank* v. *Union Trust Company*, 244 U. S. 416. It was there held that the authority of Congress to give to national banks power to act as trustees, etc., was within the doctrine stated by Chief Justice MARSHALL in *McCulloch* v. *Maryland, supra,* and *Osborn* v. *Bank, supra,* and the grant of such power was not in violation of the United States Constitution; that as a majority of the Supreme Court of Michigan to whom was given the power to construe the laws of Michigan, had decided that the exercise of the power conferred upon the national bank was not in contravention of the state law, the court reversed the judgment of the Supreme Court of Michigan.

The final determination as to the constitutionality of an act of Congress rests in the United States Supreme Court and no question can now be raised before us as to the constitutional validity of the provisions of the Federal Reserve act under consideration. There is left to us to consider whether the exercise of the powers which the permission of said board purports to give to the petitioner is in contravention of the laws of this state.

The first corporation empowered to act as trustee, executor, administrator or guardian in this state was chartered in 1867. Stringent regulations were contained in its charter to secure the faithful performance of its duty in such capacity and to safeguard the interests of beneficiaries under such trusts. These provisions for the protection of trust funds are now embodied in a general statute, sections 4–8, Chapter 231, General Laws, 1909. Under the pro-

visions contained in section 6 of the chapter the assets of every trust company, equal in value to the par value of its capital stock, shall stand pledged and shall be considered as the security required by law for the faithful performance of its duties as trustee, executor, administrator, guardian, etc., and for the protection of deposits made with it by other trustees. In case of loss any person beneficially entitled to said estate and any trustee making such deposit shall be first indemnified in full from such amount so pledged in preference to all other creditors. Under Section 7 said trust company is required to deposit with the General Treasurer securities of the kind therein enumerated in an amount equal in value to twenty per centum of the entire capital stock of said corporation, which securities shall be held by said treasurer as an additional security for the faithful performance by said corporation of its duties as trustee, executor, custodian, guardian, etc., and for the repayment of monies deposited with it by other trustees; and the parties intended to be secured by such deposit shall in case of loss be first fully indemnified out of such deposit in preference to all other creditors of said corporation. Solely because of the security thus provided such trust companies are permitted to act in a fiduciary capacity and to accept and execute the office of executor, administrator, guardian, etc. State banks, savings banks, and all other corporations within the state, are excluded from the exercise of such powers.

It was pointed out in the opinion of the United States Supreme Court in *First National Bank* v. *Union Trust Co.*, *supra*, that the general subject of regulating the character of the business of corporations acting in a fiduciary character is peculiarly within state administrative control and if not discriminatory or unreasonable would be controlling upon banks created by Congress when they seek to exercise such fiduciary power. The provisions of our law with reference to trust companies, safeguarding the rights of beneficiaries, were in our statute law many years before the

passage of the Federal Reserve act.   They can not be considered as discriminatory against national banks for banks of this state which come into competition with trust companies as well as with national banks are excluded from such privileges;  nor can they be considered as unreasonable since such provisions have a just relation to the financial stability properly to be required of a trustee.   Hence in the language of the Federal court such regulation would be controlling upon national banks.   National banks do not and can not comply with these regulations.   The assets of this petitioner to the amount of two hundred thousand dollars, which is the par value of its capital stock, can not under the provisions of its charter and the national banking law stand pledged for the faithful performance of its duties as trustee, executor, administrator, etc., and for the security of deposits made with it by other trustees, and in case of loss the beneficiary or the trust depositor can not be first indemnified in full from the amount pledged in preference to all other creditors.   If it were a trust company, the securities equal to twenty per centum of its capital stock, which the petitioner is seeking to deposit with the General Treasurer, would be a deposit which it would be required to make merely as an addition to the security furnished under the provisions of Section 6.   In this regard we are of the opinion that it would be in contravention of our state law for this court to take action which should apparently admit this petitioner to a standing of equality with trust companies; treating it as a corporation which furnished a similar security to beneficiaries and had equal authority to act in a fiduciary capacity.

The devolution of the estates of  decedents, the control of the property of infants and lunatics, the jurisdiction of our probate courts, and the legal regulation of the trusts which arise in the administration of probate law are matters which pertain exclusively to the powers of a state over its domestic affairs.   Under the state law no corporation other than a trust company, organized under the Rhode Island statute,

may be appointed executor, administrator or guardian by our probate court or may accept and execute the duties of such office.   This authority is not conferred upon a trust company because it is a banking institution, as state banks, which in the nature of their business are similar to national banks are not given such powers, neither are savings banks. The extension by the General Assembly of this power to trust companies, alone of all corporations, is plainly because the provisions governing their creation and their regulation safeguard in a peculiar manner the legal rights of those beneficially interested in such trusts.   In the absence of the express sanction of the General Assembly the appointment of a national bank to execute the trusts which arise in probate proceedings, or the attempted execution of such trusts by a national bank, would be in contravention of our state law.

(2)   In 1918 Congress amended the Federal Reserve act by adding the following paragraph:   "Whenever the laws of such state authorize or permit the exercise of any or all of the foregoing powers by state banks, trust companies, or other corporations which compete with national banks, the granting to and the exercise of such powers by national banks shall not be deemed to be in contravention of state or local law within the meaning of that act."   We assume that this amendment is intended as the legislative construction which Congress places upon the provisions of its own act, for we do not admit the power of Congress to control this court in the construction of the state laws of Rhode Island.

There is another fundamental question arising under the demurrer of the respondent, which is as to the propriety of a (3) mandatory writ of this court commanding a state officer to act outside the scope of his duties as they are set out in our law.   The General Treasurer is an officer of the state provided for in the constitution.   His duties are prescribed by the General Assembly.   Without the sanction of the General Assembly those duties are not to be extended through the provisions of an act of Congress.   Under Section 7 of

said Chapter 231, referred to above, the General Treasurer shall receive the securities which trust companies must deposit with him.   These securities include certain classes of bonds, the financial obligations of cities and towns of the state, and first mortgages on improved real estate in this state of the class required for savings bank investments; as to the security last named he must take an assignment of the same and an assignment of the debts secured thereby. Section 8 of said Chapter 231 provides as follows:   "Sec. 8. Upon the receipt by said general treasurer of such securities from said corporation, said general treasurer shall give to said corporation a certificate stating the securities and amount of each.   Said general treasurer shall at all times pay over to said corporation the interest which may be received upon such securities, and shall at all times permit said corporation, by its treasurer or other authorized agent, to examine said securities, to receive all coupons on the same, as they shall mature, and to collect for the use of said corporation all interest due thereon or on said securities, however the same may be evidenced or secured; and shall also permit said corporation to retire any securities so deposited, on substituting therefor other securities of any or either of the classes mentioned above, to such an amount that the market value of the whole deposit shall not be less than the amount required by the provisions of the preceding section."

Even if we had found that the exercise of all the powers which the petitioner claims were conferred upon it by the Federal Reserve Board was not in contravention of state law, we should nevertheless be forced to hold that Congress can not give to the national banks in this state the right to demand that the General Treasurer shall perform for their benefit the duties enumerated in said Sections 7 and 8.

The respondent's demurrer is sustained.   The petition for a writ of mandamus is denied and dismissed.

*Sheffield & Harvey,* for petitioner.

*Herbert A. Rice, Attorney General,* for respondent.