IN RE ESTATE OF FRANKLIN PIERCE MCELFRESH.

BELLE CARLTON et al., Appellants, v. G. S. MCELFRESH et al., Appellees.

No. 42150.

98

April 3, 1934.

White & White, for appellants.

V. H. Byers, for appellees.

Stevens, J.—■ The issue presented by the record on this appeal is not only somewhat novel but narrow and ill-defined. Franklin Pierce McElfresh, unmarried, died testate September 4, 1931. After having been duly admitted to probate, his will was construed by the court in an action in equity. The decree in the equity action declared that, as to his property, the testator died intestate. The will named the Harlan National Bank of Harlan, Iowa, as executor and trustee. The bank qualified and continues to act as such executor. Some time after the bank became executor of the estate it closed its doors, but, after securing waivers from depositors, reopened upon somewhat the same basis as state banks under the provisions of Senate File No. 111 of the Forty-fifth General Assembly. At the time the bank closed it had on hand, or was charged as such executor

with, $8,744.82. More than a year had elapsed since the estate was opened at the time the present controversy arose. Whether the estate has unpaid creditors, the record does not disclose.

On January 1, 1933, the executor filed an application in writing in probate in the estate of Franklin Pierce McElfresh for authority to execute a depositor's agreement in behalf of the estate. With the terms of this agreement we are not now concerned. The record does not advise the court whether the funds belonging to the estate would, now, under the usual course of administration, be ready for final distribution. The heirs at law of the decedent appeared in resistance to the aforesaid application, and filed what is designated "An answer to the Application of the Executor." The answer admits that, in general, the execution of the said depositor's agreement is for the best interests of the depositors of the said Harlan National Bank and that for the present the execution of such agreement by the executor is for the best interest of the estate, provided and upon condition that, in the execution and delivery thereof, none of the rights or remedies then or thereafter available to the heirs for their full and complete protection against loss of any of the funds of the estate remain unimpaired. Further, in the course of said answer and in the closing paragraph thereof, appellant prayed that an order of court directing the executor to execute such papers as shall be for the best interests of said estate and of the heirs and beneficiaries therein without waiver or relinquishment of any rights or remedies they may then or thereafter have for the protection of the funds in the hands of, or due from, the executor, be executed. The probate court authorized and directed the executor to execute the proposed depositor's agreement without, in terms, reserving any of the rights or remedies otherwise existing in favor of appellants. It is from this order that this appeal is prosecuted. Thus, at the outset, the difficulty of the court becomes obvious and more or less serious. The jurisdiction and authority of the probate court to authorize the executor to waive any part of its obligations as such executor to the creditors or beneficiaries of the estate is not involved. This is true for two reasons: No such question is presented in the way of a pleading, assignment of propositions, or by argument, and the admissions and prayer contained in the answer as above recited conferred authority upon the court to some extent at least to authorize the executor to sign the alleged depositor's agreement. This must be true, for the reason that the authority asked was so limited.

It must not be overlooked in this connection that the bank itself is the executor and, under the statute, such officer may be required by the court to account to the estate and its beneficiaries for the full amount coming into his hands. Obviously, the executor could not voluntarily and for itself waive any part of its obligation either to the beneficiaries or creditors of the estate as such executor without their consent. No question having been raised as to the jurisdiction or authority of the court to accomplish such result being in any way involved, on this point the court makes no finding. The wisdom and propriety of the order as it may affect the best interests of the estate or the heirs and beneficiaries thereof is likewise not involved. Appellants not only concede this but, in fact, joined in a prayer for the execution of the waiver. No issue as to the propriety or wisdom, generally speaking, of the order is involved. If, however, the contrary be true, we have no hesitation in holding that the order should not be set aside upon the ground that the court abused its discretion in making same. The reservations sought to be preserved and excepted from the order relate solely to the rights and remedies of the beneficiaries at the time of the hearing in the probate court or that might exist subsequent thereto.

One of the rights of a beneficiary of an estate is to compel the administrator or executor to account for the funds in his hands belonging to such beneficiary. An action at law will also lie in the name of the beneficiary against the executor. The equitable title to property in the custody of executors and administrators is in the beneficiaries, subject, of course, to the claims of creditors. Christie v. C., R. I. & P. R. Co., 104 Iowa 707, 74 N. W. 697.

If the order of the court, in so far, if at all, as the same was consented to by appellants, conflicts with their statutory or other rights, it is difficult to see how such rights could have been preserved by the court.

It is suggested by counsel for appellees in argument that district courts of this state have authority to approve compromises made by executors. The trouble with this contention is that the executor is not shown to have endeavored to compromise any claim filed against the estate by a creditor thereof. The liability sought to be altered or waived is that of the bank itself as executor of the estate to the creditors and beneficiaries thereof. No question of compromise within the meaning of section 11928 of the Code of 1931 is before us.

It is provided by section 9284 of the Code of 1931 that state and savings banks may, under certain conditions, serve as administrators and executors of estates. It is, however, provided by section 9290 that all property, real or personal, received in trust by such bank, shall be kept separate from such other sums or property which may be in the possession thereof, and that the same shall not be liable for the debts or obligations. This section was construed and applied by this court in Leach v. Farmers Sav. Bank, 205 Iowa 114, 213 N. W. 414, 217 N. W. 437, 56 A. L. R. 801. In the course of the opinion in that case the court said:

"It is in pursuance of these sections of the statute that the Farmers Savings Bank of Hamburg was appointed and qualified as administrator of said estate. It having come into the possession of this property by virtue of its appointment and the provisions of this statute, its acts and conduct in relation to the property must be controlled by the provisions of the statute. It is made the duty of the bank, under the aforesaid section 3 (now section 9290 of the Code) to keep separate the real and personal property so received from the corporate funds or property of the corporation. We do not conceive that it was the intent of the Legislature, in enacting the provision, that the fund received from an estate under these circumstances was to be kept apart from the funds of the corporation in such sense that the identical money that came to the administrator was to be at all times kept in specie. Light is thrown on the purpose of this section of the Code by the later section above referred to, section 9305, wherein it is directed that these funds are not to be considered a part of the assets of the bank, and, while they are to be listed and reported as such to the superintendent of banking, they are not included in the bank's statement, and such list is not to be made public. But, if we should be in error in this construction of the statute, the last clause of this section is decisive of the question before us, wherein it is provided that the funds thus in the hands of the bank as administrator 'shall not be liable for the debts or obligations of such corporation.' We do not think that this section needs construction, as it is evident the very purpose and intent of the legislature was that, when such funds once came into the hands of a bank as administrator, they could not be used for payment of debts or obligations of the bank."

It thus appears that, under the statutes of this state, a state

or savings bank, when acting as an administrator or executor, does not sustain the relation of a general depositor of funds in a banking corporation. As already indicated, the executor is a national bank. The Federal Reserve Board is, by section 248, chapter 3, title 12, of the Federal Statutes, authorized to permit national banks applying therefor, when not in contravention of state or local laws, to act as trustees, executors, or administrators of estates, etc.

The aforesaid section makes it the duty of national banks, when exercising the powers above mentioned, to "segregate all assets held in any fiduciary capacity from the general assets of the bank and shall keep a separate set of books and records showing in proper detail all transactions engaged in under authority of this subsection. Such books and records shall be open to inspection by the state authorities to the same extent as the books and records of corporations organized under state law which exercise fiduciary powers, but nothing in this chapter shall be construed as authorizing the state authorities to examine the books, records, and assets of the national bank which are not held in trust under authority of this subsection."

The validity of the foregoing provisions of the federal statute has been uniformly upheld. First Nat. Bank of Bay City v. Fellows ex rel. Union Trust Co., 244 U. S. 416, 37 S. Ct. 734, 61 L. Ed. 1233, L. R. A. 1918C, 283, Ann. Cas. 1918D, 1169; Fidelity Nat. Bank & Trust Co. v. Enright (D. C.) 264 F. 236; Appeal of Woodbury, 78 N. H. 50, 96 A. 299; Aquidneck Nat. Bank of Newport, R. I. v. Jennings, 44 R. I. 435, 117 A. 743; Carpenter v. Aquidneck Nat. Bank, 46 R. I. 152, 125 A. 358; Hamilton v. State, 94 Conn. 648, 110 A. 54; In re Turner's Estate, 277 Pa. 110, 120 A. 701.

Our attention has been called to no ruling of any United States court defining the relationship of a national bank when acting as an administrator or executor to the funds on hand. Whether the funds thus placed and segregated in the bank are by federal authority deemed deposits, we have no occasion to determine. It is also made the duty of national banks, before receiving trust funds, to set aside, in its trust department, United States bonds or other securities approved by the Federal Reserve Board, and, in the event of the failure of such bank, the owners of the funds held by it in trust are given a lien on the bonds or other securities set apart as security therefor, in addition to their claim against the estate of the bank. The record does not in this case disclose whether the Harlan

National Bank had an organized trust department or whether bonds were set aside as required by law as security for the proper protection of the funds in question.

Counsel for appellee in oral argument indicated that a resolution of the directors of the bank to that effect was adopted, but that it was not complied with. We think it is clear that the intention of appellants was not to waive any right they may have to a lien upon bonds or other securities in any way set apart as security for the funds in the custody of the bank as executor nor of any right to maintain a personal action against the corporation, or to avail themselves of any remedy existing under the laws of the United States.

The court has not been favored with briefs or arguments as to the scope and effect of the admissions, concessions, and prayers of appellants in their answer to the application of the executor. We shall not therefore undertake to define or specify the exact boundaries to be considered. The construction of the pleadings filed by appellants and the extent to which the same inheres in the order of the court must be left for future consideration. In so far as the order of the court omits to specifically preserve to appellants the right to a lien upon any securities in possession of the executors or of a right of action against such to recover the amount due and of any and all right existing under federal laws, it must be modified. The order should, therefore, be so changed as to specifically preserve the said rights and remedies to appellants. There is no way by which this court on this appeal, upon the record before us, can determine the full intentions of appellants, or the legal effect of the admissions and concessions made of record in the probate court by them. When thus modified, the order will stand.—Modified and affirmed.

CLAUSSEN, C. J., and MITCHELL, ANDERSON, and KINTZINGER, JJ., concur.